Foreman et al v. Town of Marianna.

---

## FOREMAN ET AL. V. TOWN OF MARIANNA.

1. MUNICIPAL CORPORATIONS. *Jurisdiction of County Judge*
The organization of municipal corporations does not depend upon the citizens, whether or not they may be subject to their restrictions and burdens, any further than the Legislature may allow the exercise of that will. The whole public is concerned, and

Foreman et al. v. Town of Marianna.

the Legislature may prescribe the terms or conditions upon which they may be formed or extended, and may vest in the County Court the power to determine when they may or may not be necessary or useful.

2. MUNICIPAL CORPORATIONS : *Annexation of Territory: Amending petition:*

The petition for annexation of territory to a town or city may be amended during the progress of the cause in the County Court by diminishing the area of the proposed annexation but not by enlarging it.

3. SAME: *Same: Disqualification of County Judge.*

A Judge of the County Court is not disqualified to act upon an application to annex territory to a municipal corporation by reason of being a resident of the corporation and having voted for or against the annexation.

4. JUDGE: *Interest that disqualifies.*

The interest that disqualifies a Judge under the Constitution, is not the interest which one feels in public proceedings or public measures, but a pecuniary or property interest; one affecting his individual rights, and the liability of pecuniary gain or relief to the Judge must occur upon the event of the suit, not result remotely, in the future, from the general operation of laws and government upon the status fixed by the decision.

APPEAL from *Lee* Circuit Court.

Hon. M. T. SANDERS Circuit Judge.

*The appellants pro se.*

It was error to allow the petition to be amended. The whole territory, as far as the inhabitants of the town were concerned, became part of the town upon the vote being taken, unless a remonstrance should be sustained, and the County Court had no authority to exclude any part of it. *Corporation Act* 1875, *Sec's.* 84, 35, 36, 37 *and* 90; 33 *Ark.*, 508 ; 1 *Dillon on Mun. Corp. Sec.* 40.

The growth of the town does not require the extension, and the annexation was unnecessarily large. There is more open ground than there was in the case, 33 *Ark.*, 517, and that was a weak case.

The Judge was disqualified by reason of interest. *Art.* 7 *Sec.* 20 *Const.* 1874; *Cooley Const. Lim.* 297 *to* 302, *Ed. of* 1883; 16 *Conn.* 375; 1 *Hopkins Ch'y.* ( *N. Y.*) 1; 1 *Spencer* 471; 1 *Zab.* 656; 4 *Oh. St.* 275; 21 *Iowa* 565; 2 *Allen* 397; 49 *N. H.* 328; 12 *Id.* 425; 22 *Mich.* 350; 13 *Mass.* * *p.* 340; 4 *Gray*, 427; 11 *Cush.* 106; 6 *Pick.* 104; 28 *Am. Rep.* 93; 72 *N. Y.* 1; 58 *Tex.* 23, 141. The County Judge was a citizen and tax payer of the town, *but he voted for the annexation.*

The remonstrants had a right to appeal. *Gantt's Dig. Sec.*, 1195; 33 *Ark.*, 508.

The act is unconstitutional, as it attempts to give the County Court additional *judicial* powers. *Const. Art.* 7, *Sec.* 28; 26 *Ark.*, 432.

*J. M. Hewitt* and *B. C. Brown* for appellees.

The amendment was proper. *Sec.* 34 *Acts* 1875, *p.* 35, for no new territory was *added.* 33 '*Ark.*, 508, 515, 516.

This is a political question that concerns the State and County as well as the owners of lots in the annexed territory. The vote of the people made a *prima facie* case for annexation, and the preponderance of the testimony shows that it was for the best interests of the majority of the inhabitants, in fact all except perhaps a few dram-shop keepers, that the territory should be annexed. This issue was addressed to the sound discretion of the County and Circuit Courts of the County and town where the town is situate, courts which have a better knowledge of local affairs and are better qualified than this court or even the Legislature would be to adjudge upon the propriety of an-

Foreman et al. v. Town of Marianna.

nexation. Both courts having found for the appellee, this court will not reverse, unless it appears that the town has grossly abused its discretion to the injury of owners of the greater part of the annexed territory.

EAKIN, J. After a vote of the citizens, and other proceedings of a preliminary character, had been duly taken as required by statute, the town of Marianna applied to the County Court, to annex and include within its corporate limits and jurisdiction, certain territory lying to the West and North of its old boundaries. Against this application there was a remonstrance by appellants. The matter was heard upon evidence, and the court declared, that, in its judgment, it was right and proper that the petition for annexation should be granted. It ordered that the annexation be confirmed, and that the petition with accompanying map &c., be endorsed by the clerk and delivered to the Recorder. During the progress of the cause in the County Court the attorney authorized by the town to manage the case, amended the boundaries as they had been originally proposed and voted upon by the citizens. The amendment included no new territory, but materially diminished the area originally proposed, by cutting off from the external parts on the North and West, some portions most distant from the old corporation.

Upon appeal to the Circuit Court, and a hearing *de novo*, a like judgment was rendered. The remonstrants now prosecute this appeal here.

The organization of municipal corporations, and the extension of those already existing, is ancillary to the government in sustaining the peace, the convenience, and the good order of those communities which are formed by dense collections of citizens in particular localities. With regard to them rules and regulations are required for

*1. Jurisdiction of county judge*

conduct, and the use and enjoyment of property and the preservation of health, which are not applicable to rural districts. It does not depend upon the will of the citizens, whether or not they may be subject to the restrictions and burdens of these municipal *quasi* corporations, any further than the legislature may allow the exercise of that will. The whole public is concerned and the legislature may prescribe the terms and conditions under which they may be formed or extended; and may vest in the County Courts the power of determining when they may or may not be necessary or useful. Indeed the County Courts are the best depositories of that power, inasmuch as, under the Constitution of the State, they have original exclusive jurisdiction in all cases which concern the internal improvement and local concerns of their counties. In such cases no such issues are presented as arise in suits between individuals. The County Court is not to consider whether the establishment of a municipal corporation, or the extension of an old one, would put money in the pocket of A., diminish the business of B., or enhance the real estate of C. Individuals must take their chances, and all these personal and individual interests disappear before the overruling consideration, whether the matter proposed, would or would not facilitate good government and promote the general interests of the community. The real question is rather of a political than juridical nature.

So this Court held in the case of *Dodson et als, v. Mayor &c., of Ft. Smith,* which case covers many of the points presented by this. *See* 33. *Ark.,* 509.

So far as the exercise of discretion is concerned, we are satisfied from the proof that it was very proper to make the annexation. The convenience of the citizens as well as the more effective police of the town required it.

Foreman et al. v. Town of Marianna.

There is no error, unless, in some respect, the directions of the Statute have been omitted, or violated, in some material point.

It is contended that the amendment of the petition, after it had been voted upon, was such an error. It certainly would be fatal, if the Statute, on that point, had been silent; for *non constat* that any one voting for a certain proposed annexation, would have been willing to vote for a less one, which might leave out the very spot the voter hoped to have included. But the legislature may prescribe the whole mode of annexation, and it has authorized just such an amendment as this, pending the petition. *Acts of 1874–5, on pp. 35 and 16, Sections 84 and 36.* Citizens, now, vote upon a proposition to annex territority with the understanding that the proposed area may be diminished by the court, but may not be extended.

It is objected here that the County Judge was disqualified, being a citizen and a tax-payer of the town. It does not appear that his authority was challenged by any proper motion in the County Court, and we are free to say, that if it had been the objection ought not to have prevailed. It may be hoped that every good Judge in the State is deeply interested in everything that may help or hurt the community ; and that he will favor the former and oppose the latter in all legitimate ways. Here the question is not one of taxes and burdens, but one of police. It does not even appear that, on the whole, the result of annexation, would be to increase or diminish taxes. But that is of no importance. This is not a suit of a personal nature, concerning property or rights of persons. A general interest in a public proceeding, which a Judge feels in common with a mass of citizens, does not disqualify. If it did, we might chance to have to go out of the State, at times, for a Judge. The "interest"

2. MUNI-CIPAL COR-PORATIONS: Annexation of territory. Amending petition.

3 SAME: Disqualification of County Judge.

Disqualifying

Interest
Judge.

of which disqualifies a Judge, under the Constitution, is not the kind of interest which one feels in public proceedings, or public measures. It must be a pecuniary or property interest, or one affecting his individual rights; and the liability or pecuniary gain or relief to the Judge must occur upon the event of the suit, not result remotely, in the future, from the general operation of laws and government upon the *status* fixed by the decision.

At the May Term, 1881, of this court, in the case of *Rogers v. Cypert, Judge,* not reported, there was an application for a *mandamus* to compel a Circuit Judge to entertain and act upon a petition for a writ of *certiorari* to the County Court, to bring up the record of proceedings had in the County Court, under the local option liquor law. The Judge answered the petition setting up, not that he had refused the *certiorari* in the exercise of his sound discretion, but that he had refused to take any cognizance at all of the application for a *certiorari,* upon the ground that his wife and children had signed the original petition to the County Court for the prohibition, and that he supposed he was thereby disqualified from acting in the case, under that clause of the Constitution, which forbids a Judge from presiding where " either of the parties shall be connected with him by consanguinity or affinity, within such degree as may be prescribed by law." The *mandamus* was nevertheless ordered. No written opinion was delivered, but I remember the view of it taken by the court which then consisted of the late lamented Cheif Justice ENGLISH, Mr. Justice HARRISON and myself. We all concurred in the opinion that although the wife and children of the Judge were technically parties, as being amongst the petitioners, yet inasmuch as the proceeding was not a personal one, and their interest was only a common interest with other citizens

in the establishment of a wholesome police regulation, affecting the whole community, they were not parties in the sense, or within the spirit of the Constitution. The same considerations apply in this case to the County Judge, regarding his participation in the proceeding to have the town of Marianna apply to the County Court for the annexation of the proposed territory. He had, as alleged, voted for the annexation.

The judicial ermine does not absolve the individual from the duty, nor deprive him of the right, to participate with other citizens in public movements for the public good, which do not in any peculiar manner affect his private interests, more than those of other citizens. How far he may do so, in anticipation of the probability or chance, that he may be called to decide upon the legality of such proceedings, is with him a consideration of prudence or good taste, to be determined in his own breast. If he were thereby disqualified, he would be required to renounce all civic privileges. He could not even try a contested election case, where he had voted for one of the contestants.

Affirm.