## STATE OF MAINE *vs.* WILLIAM J. CRAIG.

### Cumberland. January 27, 1888.

*Lobsters. Constitutional law. Stat. 1885, c. 275 and c. 258. Magistrate.*

The act of 1885, c. 275, prohibits the destruction of lobsters within this state, even though taken or caught more than a marine league from the shore.

That act is not unconstitutional by reason of the penalties imposed by it.

The act of 1885, c. 258, is not unconstitutional by reason of the enlarged jurisdiction given to magistrates under it.

A magistrate is not disqualified by reason of interest in cases where a part of the penalty goes to the municipality in which he is a resident and tax-payer.

ON exceptions from the superior court.

The case is stated in the opinion.

*George M. Seiders*, county attorney, for the state, cited: *Whitehead* v. *Smithers*, 2 C. P. Div. 553.; *State* v. *Randolph*, 3 Cent. L. J. 187; *Phelps* v. *Racey*, 60 N. Y. 10; *Wagner* v. *People*, 97 Ill. 320; *Com.* v. *Hall*, 128 Mass. 410; *State* v. *Beal*, 75 Maine, 289; *Lord* v. *Chadbourne*, 42 Maine, 442; *Black* v. *McGilvery*, 38 Maine, 288.

*C. W. Goddard*, for defendant.

It is not in the power of the state to prohibit the taking of short lobsters outside the limits of Maine, and the state nowhere undertakes to do it. Neither does the law undertake to forbid the bringing into Maine of lobsters lawfully taken outside of the state. When, therefore, it is declared in § 3 of c. 275 of 1885, that "it is unlawful to fish for, catch, buy, sell, expose for sale or possess short lobsters" during a certain period, the statute must, of course, intend, and will be construed as intending, like all other penal statutes, " within the limits of the state."

In *State* v. *Beal*, 75 Maine, 291, Mr. Justice SYMONDS says : "But we think that if fish were caught at this pond during the period which was the close time for other waters of the state, and still were caught in a manner which was lawful at that place under the special act, taking them home to dispose of them in any legal way, would not be an act forbidden by section sixteen. The taking, the possession, the purpose, would all be lawful ; the act of carrying, if in common phrase, or in a legal sense, it could properly be described as a transportation from place to place, would manifestly be wanting in that element of illegality against which it is clear, when all the provisions of the act are examined together, the penalties of that action were directed."

In *Allen* v. *Young*, 76 Maine, 80, Mr. Justice WALTON, in delivering the opinion of the court, cites the case of *State* v. *Beal* with approval, and proceeds to say, "The question is whether, if deer are killed during the time when it is lawful to do so, it is a crime to carry or transport the hides or carcasses from place to place in this state during the time when it is unlawful to kill them. We think it is not. True, the transportation at such a time seems to be within the letter of the law ; but we think such could not have been the intention of the legislature. We can see no possible motive for making such transportation a crime. . . . *Com.* v. *Hall*, 128 Mass. 410. . . . . Frequently has it been said that a thing within the intention is as much within the statute as if it were within the letter, and a thing within the letter is not within the statute if contrary to the intention of it. *Holmes* v. *Paris*, 75 Maine, 559."

"All penalties and punishments shall be proportioned to the offence"—"excessive fines" shall not "be imposed." Const. Art. 1, § 9. Unless these constitutional safeguards are to be deemed simply directory to the legislature, and beyond the power of the court to enforce, it would seem difficult to defend so severe a law as the present, which imposes a forfeiture of this magnitude for such an offence. The sweeping act, 1885, c. 258, has indefinitely extended the original jurisdiction of municipal and police judges and trial justices in one class of criminal prosecutions. I am aware that provision is made for appeal under certain

qualifications and restrictions, but such appellant must recognize in a reasonable sum, with sufficient sureties, to appear and prosecute his appeal; which sum is usually double the amount of the fine appealed from; in the present case it would be two hundred and forty-four dollars, and in the case referred to, two thousand seven hundred and thirty-six dollars.

Is such a contrivance as the law of 1885, c. 258, a fair compliance with the constitutional requirement of Art. 1, § 6? "In all criminal prosecutions, the accused shall have a right to have a speedy, public and impartial trial, by a jury of the vicinity." "He shall not be deprived of his life, property or privileges, but by judgment of his peers, or by the law of the land." Is the case at bar one of "such cases of offences as are usually cognizable by a justice of the peace?" (Art. 1, § 7.)

HASKELL, J. Complaint for possessing certain lobsters in violation of the act of 1885, c. 275, § 3. The complaint is not made a part of the case, and, as no objection to it is pressed by the learned counsel for the defendant in his brief, the court may well assume that it is sufficient both in form and substance.

I. The court was requested to instruct the jury that, if the lobsters possessed by the defendant were taken more than a marine league from the shores of Maine, he would not be guilty.

The request was properly denied. The statute prohibits the destruction of certain lobsters. *State* v. *Bennett*, 79 Maine, 55. It is immaterial where the lobsters were taken if the defendant possessed them within the jurisdiction of the court for the purpose of not liberating them alive, or for destroying them.

The cases cited by defendant are authorities against him. In *State* v. *Beal*, 75 Maine, 289, the indictment was for having trout, not alive, in possession during close time, with intent to sell the same in violation of the statute. Although the trout may have been lawfully taken from waters exempt from the operation of the statute, it was held that the possession of such trout with intent to sell them was illegal. And the court says: "The taking, the possession, the purpose, would all be lawful; the act of carrying, if in common phrase or in a legal sense it could

be properly described as a transportation from place to place, would manifestly be wanting in that element of illegality, against which, it is clear, when all the provisions of the act are examined together, the penalties of that section were directed."

So in *Allen* v. *Young*, 76 Maine, 80, it was held that transportation of deer in violation of the letter of the statute killed before close time was not illegal, inasmuch as the court says :

" We fail to see any motive for making the mere transportation of the hide or carcass of a deer from one place to another a crime when the deer has been lawfully killed, and is lawfully in the possession of the one who transports it.   .   .

" It has been repeatedly asserted in both ancient and modern times that judges may in some cases decide upon a statute even in direct contravention of its terms ; that they may depart from the letter in order to reach the spirit and intent of the act. *Holmes* v. *Paris*, 75 Maine, 559."

The intent of the act in question is to protect lobsters and prevent their unreasonable destruction.   The act charged is the very thing that the purpose of the act seeks to prevent.

II.   The constitutionality of the act of 1885, c. 275, § 3, under which this prosecution is brought, is denied because penalties are imposed not proportioned to the offence.

The object and purpose of the act is to prevent the destruction of lobsters to such a degree as materially to diminish the supply and to preserve a necessary and valuable source of food.   The penalty imposed is one dollar for each lobster unlawfully destroyed.   Certainly that penalty is neither excessive nor severe.

That the unlawful destruction of many lobsters has created penalties aggregating a large sum signifies no more than a purpose to violate the statute regardless of the penalties affixed.   It rather shows that the present forfeitures are insufficient to work obedience to the statute than that they are too severe.   It can hardly be said that penalties which fail to prevent a violation of law by wholesale are disproportionate to the act prohibited. What good can come of a statute with penalties so mild as to allow its violation without loss to the offender?   The purpose of a penal statute is to prevent conduct in violation of its terms ;

and the argument that from a repeated violation of its provisions the penalties aggregate large sums rather shows the insufficiency of the penalty imposed than the reverse. The penalties imposed for a violation of the statute in question cannot be said to be excessive or disproportionate to the offence created by it.

III. It is contended that the act of 1885, c. 258, giving magistrates jurisdiction of various offences under the fish and game laws is in violation of the constitution as infringing the right of trial by jury.

Article 1, section 6, of the constitution secures a "speedy, public and impartial trial . . by a jury of the vicinity;" and section 7 provides, "no person shall be held to answer for a capital or infamous crime, unless on presentment or indictment of a grand jury, except in cases of impeachment or in such cases of offences as are usually cognizable by a justice of the peace, or in cases arising in the army and navy or in the militia when in actual service in time of war or public danger."

The statutes accord a trial by jury on appeal to the proper court from the decisions or judgments of all magistrates rendered in a case under the act in question. No more bail would be required of the accused on his appeal from a decision of the magistrate against him than would be if the magistrate. could only hold him to bail for appearance before the appellate court. Moreover, in the former case he would be accorded the benefit of reasonable doubt, while in the latter he must be held for probable cause. This act is rather a benefit to the accused than a burden or disadvantage to him. He must be confronted with the witnesses against him, and discharged if a reasonable doubt of his guilt be not removed.

The offences of which the act gives magistrates jurisdiction are neither capital nor infamous crimes, and need not be considered by a grand jury. Prosecutions may as well be instituted before magistrates as by indictment, and the former method cannot be considered in violation of any provision of the constitution.

IV. The objection that the magistrate before. whom the case at bar was originally heard was then a resident and tax payer in

the municipality to which a moiety of tho penalty accrues has been already considered and decided by this court. *State* v. *Severance*, 2 N. Eng. R. 425; *State* v. *Intoxicating Liquors*, 54 Maine, 564; *Fletcher* v. *Somerset R. R. Co.* 74 Maine, 434.

V. No exceptions to the charge were pressed at the argument other than the questions already considered.

*Exceptions overruled.*

PETERS, C. J., WALTON, VIRGIN, LIBBEY and FOSTER, JJ., concurred.