# *Ex parte* State Bar Association.

*Application for Mandamus to Circuit Judge.*

1. *When mandamus lies.*—Where the presiding judge of the court, having ruled on the pleadings in a pending cause, sustains an objection to his own competency, and refuses to proceed with the trial of the cause, and a special judge is thereupon appointed by the clerk of the court (Code, § 647); this court will award a *mandamus* requiring the judge to proceed with the trial of the case, if the objection to his competency is in fact unfounded.

2. *Incompetency of judge as affected by interest.*—In a proceeding instituted by the State Bar Association, to disbar an attorney, the presiding judge of the circuit is not incompetent to try the case because he is a member of the association.

The proceedings in this cause were had upon an original application filed in this court by the Alabama State Bar Association, in which the relator prays that a peremptory writ of mandamus issue from this court, to the Hon. Jas. B. Head, judge of the tenth judicial circuit, directing him to preside in, hear and determine the issues in a cause then pending in the Circuit Court of Jefferson county, in which the relator is plaintiff or complainant and one Peyton G. Bowman is defendant. The

8

[Ex parte State Bar Association.]

petition discloses, by appropriate averments, that the said cause was instituted in the said Circuit Court by information in writing, filed by The Alabama State Bar Association, against said Bowman, praying, after appropriate allegations of certain professional misconduct on the part of said Bowman, not becoming a licensed attorney at law, that he, the said Bowman, be disbarred, and removed from the practice of law in the courts of this State. The petition then alleges that after the said court had taken jurisdiction of the said cause, and after the court, Judge Jas. B. Head presiding, had overruled the motions of the defendant therein to dismiss and quash the information, it was suggested to the court that the presiding judge was incompetent to try the issues, because he was a member of the informant, The Alabama State Bar Association; that after argument by counsel on both sides the said presiding judge decided that he was incompetent and disqualified to hear the cause, and therefore refused to proceed further; and that thereupon a special judge was appointed by the clerk of said court—the attorneys not being able to agree upon a special judge.

In the return of Judge Head to the alternative writ to show cause why he should not proceed to hear and determine the cause then pending in said court, he alleged the facts set out in the petition; and gave as his only reason that he was a member of The Alabama State Bar Association. The respective contentions and other facts are sufficiently set forth in the opinion of this court.

JOHN P. TILLMAN, and H. C. TOMPKINS, for relator.—(1.) *Mandamus* is the proper remedy in this cause.—*State, ex rel. v. Williams*, 69 Ala. 316, and authorities cited; *Foreman v. Marianna*, 43 Ark. 324; High on Extra. Leg. Rem., §§ 151, 147. (2.) The relator has no other adequate remedy.—*Ex parte Swan*, 23 Ala. 192; *Ex parte King*, 27 Ala. 687; *Ex parte Cole*, 28 Ala. 50; *Ex parte Robbins*, 29 Ala. 71; *Ex parte Morgan*, 30 Ala. 51. (3.) Judge Head was not disqualified by being a member of plaintiff corporation.—37 Ala. 478, and authorities cited; 43 Ark. 325; 69 Cal. 88; 30 Minn. 143; 80 Me. 85; 1 Gray, 472; 3 Ohio, 289; 69 Mo. 146; 4 So. Rep. 525. (4.) The acts of the special judge are void.—Cooley on Const. Lim., (6th Ed.) p. 504; 81 Ill. 506; 23 Tex. 455; 6 Col. 574.

A. A. COLEMAN, BROOKS & BROOKS, SEMPLE & LITTLE, MARTIN & McEACHIN, and G. W. HEWITT, *contra*.—1. *Mandamus* is not the proper remedy, and the facts will not justify the issuance of the peremptory writ.—76 Ala. 323; 62 Ala. 254;

42 Ala. 559; 27 Ala. 429; 25 Ala. 72; *Ib.* 77; 23 Ala. 85;
2 Brick. Digest, p. 240, §§ 4, 22; 3 Brick. Digest, p. 627, § 40;
10 Barb. (N. Y.) 97; 15 Vermont, 46; 3 Green. 57; Cooley
on Const. Lim., § 410; 7 Wait's Act. & Def. 182.　2. The an-
swer to a rule *nisi* may contain many defenses, and if either
one is sufficient to sustain the action of the lower court, a
peremptory writ of *mandamus* will not be issued.—*Ex parte
S. & G. R. R. Co.*, 46 Ala. 230; *Ex parte Condee*, 48 Ala. 386.

McCLELLAN, J.—The disbarment of attorneys is a subject-
matter of which the Circuit Courts of this State have juris-
diction.　The filing of the accusation shown by the record be-
fore us, by, and in the name of, The Alabama State Bar Asso-
ciation against Peyton G. Bowman, the order thereon made
requiring the accused to appear and answer the same, and
the service of a copy of said order, together with a copy of the
accusation on said Bowman, gave the Circuit Court of Jeffer-
son County, in which these proceedings were had, jurisdiction
of his person, at least, in the sense of establishing in some
sort a *lis pendens* between him and the association.

Whether the accusation was sufficient to put into exercise
the jurisdiction of the court to the end of finally determining
and adjudging between these parties the truth or falsity of its
specifications—whether it was bad in that it was not verified
and did not proceed in the name of the State of Alabama, so
that a final judgment of guilt and consequent disbarment
would be *coram non judice* and void—are questions which do
not arise on this application for *mandamus*, and which we do
not at all consider.　Whatever may be the correct solution of
those questions, is wholly immaterial to the matter now in
hand.　In any event as to them, a proceeding was pending in
the Circuit Court at the time the judge of that court refused
to act in respect to it.　There was then on the files and in the
records of that court an action by The Alabama State Bar As-
sociation against Bowman, and to the disposition of that ac-
tion, the discharge of judicial functions by the judge was essen-
tial.　The right of the relator to file the accusation at all was
denied; and a question for the determination of the judge
was thereby presented.　The right of the relator to file an un-
sworn accusation was denied; and thereupon it devolved on
the judge to decide whether verification was necessary.　And
however infirm the accusation may have been, however lack-
ing in necessary parties or averment, however essential its
verification, and however incurable by amendment may have
been its defects, both the relator and the respondent had a
right to demand that it be passed upon by the judge of the

court in which it was pending if he was competent to sit in the case, and without such adjudication by him, assuming his competency, the case could not be gotten rid of. Moreover, the circuit judge, before the objection to his competency was made and sustained, passed upon these questions, and ruled that the accusation was in all respects sufficient to invoke the jurisdiction of the court to a final determination of the issues of fact presented by it; and this adjudication, to the effect that the case was not only actually but properly pending in the court, can not be expunged, even if it be erroneous, except by, or consequent upon, further judicial action of Judge Head, if he be competent. So that it is manifest, we think, that in any aspect the issuance of a peremptory *mandamus* would not be a vain and useless thing to do—conceding the case to be otherwise a proper one for this remedy—but would be to require necessary judicial action.

Is *mandamus* the proper remedy in cases like this? The point appears to be too well settled by the authorities to justify or even admit of much discussion. While recourse is never had to this writ to *control* judicial action, it is the usual and generally the only adequate process to *compel* the discharge of judicial functions; its mandate is that the judge,. before whom a cause is pending, shall proceed to hear and determine the same; but its use is not warranted to direct what particular judgment shall be rendered therein.—High on Extra. Leg. Rem., §§ 147, 151; *Foreman v. Marianna*, 43 Ark. 324; *Ex parte Mahone*, 30 Ala. 49; *Ex parte Schmidt*, 62 Ala. 252; *State, ex rel. v. Williams*, 69 Ala. 311.

The writ is not to be resorted to, of course, when the party invoking it has another adequate remedy. With respect to what is an adequate remedy within the sense of this rule, the doctrine obtaining in this court is supposed by text-writers to be more favorable to the remedy of *mandamus*, than that which generally prevails. However that may be, it seems assured by the former adjudications of the court, that this remedy may be invoked, whenever there is wrongful refusal of a judge to act, other remedies for such a wrong, if they exist at all, being considered inadequate to the end in view. In the case at bar, manifestly no appeal would lie from the refusal of the presiding judge to hear and determine the cause. And conceding that the petitioner had a remedy by appeal from the final judgment rendered in the cause by the special judge, it can scarcely be contended, if the position of petitioner with respect to the competency of the judge of the Circuit Court be sound, that a remedy which involved a trial with a stranger on the bench, and could only arise upon the rendition of an

absolutely void judgment, is one which is adequate to the end of ousting that stranger and reinstating the *de jure* judge of the court. So that, pretermitting the consideration, whether a final judgment with the alleged special judge on the bench would support an appeal at all—conceding, for argument, that it would, though void—we are of opinion, that the remedy by appeal from it is so inadequate as to authorize a resort to this summary proceeding.—High on Extr. Leg. Rem., § 186, and citations.

The objection urged in argument that the writ should not be awarded in this instance because the circuit judge had judicially determined his own incompetency, and hence that to command him to proceed would be to *control* his *judicial* action is wholly untenable. One of the original offices of the writ was to compel judicial officers, who, from whatever cause or upon whatever considerations, wrongfully refused to act, to proceed with, hear and determine the case in hand. Their discretion will not be controlled; and in the decision of every question arising on the trial of a cause, whether of law or fact, with respect to the rights of the parties litigant in the subject matter involved, they, in the sense of this doctrine, have a discretion, the exercise of which will in general be reviewed only on error or appeal when those remedies are adequate. But it can never rest in the discretion of a judge, whether he will sit in a given cause. If he is not disqualified under the Constitution, it is his duty to sit, a duty which he can not delegate or repudiate, and which no consent can devolve upon another. The inquiry is, not what he has determined, but what are the facts in regard to his alleged incompetency; is he in point of fact, as shown by his return to the alternative writ, "for any legal cause," incompetent to hear and determine the case presented. It is to be assumed that no refusal to sit proceeds on other than a determination of the judge that he is incompetent to do so; and to hold that *mandamus* will not lie where there has been such determination would be to destroy the efficacy of this summary remedy as a means of compelling recusant judges to discharge their judicial functions. The doctrine would be especially pernicious in cases like the present one, where recusation is at the objection of a party, and on the ground of interest, since it would be natural for a conscientious and sensitive judge to resolve all doubts on the question against his competency to try the cause.

The sole ground of incompetency disclosed by the return in this case is the membership of Judge Head in the plaintiff corporation, The Alabama State Bar Association, and his consequent interest in the suit resulting from the liability of that

corporation for the costs of the proceedings should its determination be adverse to the association. This corporation is not a commercial or financial concern. It is not capitalized; its members are not stockholders. Its purposes are social, ethical and public, and not pecuniary or private. Its scheme involves no element of gain or loss pecuniarily to its membership. It is supported by fixed annual dues, exacted from its members, and these would neither be increased, nor diminished by any possible result of this litigation. It has authority to acquire and hold property within certain limits of value. Whether it has acquired any property does not appear from the return; and if the respondent seeks any advantage by reason of its ownership of property, his interest in which as a member would be affected by any judgment that might be rendered in this cause, it was upon him to return the fact. But conceding that we must assume that the association did own property to the limits of its power in that respect, and conceding further, that the interest of members in that property was such that upon the dissolution of the corporation each member would be entitled to a distributive share of it—a proposition unsupported by authority—still this interest would be entirely too remote and speculative to disqualify the member from sitting as judge or juror in a case to which the corporation is a party. The interest which will disqualify must be a pecuniary one, or one affecting the individual rights of the judge. The fact that dues which he pays to the association may have to be appropriated to the satisfaction of a judgment for costs can not constitute such interest, since the dues are paid for that purpose among others, whether in contemplation of such judgment or not, and the amount of his liability in that respect is not affected by the rendition of a judgment for costs against the association. Moreover, "the liability of pecuniary gain or relief to the judge must occur upon the event of the suit, not result remotely, in the future, from the general operation of law upon the *status* fixed by the decision." 12 Amer. & Eng. Encyc. of Law, pp. 45 *et seq.* The diminution of a member's distributive share in the corporate property depending upon a dissolution which may never occur, or never during his life or membership, or relief from such result, is certainly entirely too remote to be considered in any sense as occurring "upon the event of the suit." It is, on the contrary, if possible at all, a result of the remote future "from the general operation of law on the *status* fixed by the decision." That the interest relied on to disqualify must be a pecuniary one, and be affected by the event of the suit, and not remotely, is fully illustrated in the adjudged cases.

Thus it has been frequently held that the interest of a tax-payer and citizen of a town was not such as to disqualify him to sit as a judge or juror in the trial of a cause to which the town was a party.—*Foreman v. Town of Marianna,* 43 Ark. 324; *Minneapolis v. Wilkin,* 30 Minn. 140; *State v. Craig,* 80 Me. 85; *In re Guerreno,* 69 Cal. 88. And the same doctrine applies to the interest a citizen of a county has in the result of a suit to which it is a party.—*Comm. v. Reed,* 1 Gray, 472; *Commissioners v. Lytler,* 3 Ohio, 289; and likewise, of course, in respect to State citizenship and consequent interest in its property.—*Connecticut v. Bradish,* 14 Mass. 296. And where the salary of a judge is payable out of a fund arising from the imposition of fines, as is the case with the judges of some of the City Courts in this State, his interest is too remote to disqualify him to sit in a cause which may involve the imposition of a fine to be thus appropriated.—*In re Guerreno,* 69 Cal. 88. And so, where the question involved is the removal of the county seat of the county of the judge's residence; and this, though he, with the other registered voters, had signed a petition addressed to the Commissioners Court to that end.—*Saul v. Freeman,* 4 So. Rep. 525. Where the interest relied on to justify a judge in refusing to sit lay in the fact of his honorary membership of a bar association which was prosecuting a proceeding to disbar an attorney, it was held insufficient, "since he had not a particle of pecuniary interest involved."—*Bar Association v. Bowman,* 67 Mo. 146. Nor does membership of a church, which is a party to a suit, involve such interest as will disqualify the member to hear and determine the cause as judge or juror.—*M. E. Church v. Wood,* 5 Ohio, 283. And the same rule prevails with respect to a member of a Masonic Lodge which is a party to a suit. *Burdine v. Grand Lodge,* 37 Ala. 478. In all these cases, there was either no pecuniary interest at all, because of the character and purpose of the corporation, or the interest was too remote to disqualify. In most of them the interest was more direct than in the case at bar, conceding any pecuniary interest to exist here, and in others there was more ground to predicate the existence of such interest upon than is disclosed in this record.

Our conclusion is, that the return of Judge Head does not justify his refusal to sit in and hear and determine this cause.

The proceedings had therein before the attorney selected by the clerk were *coram non judice* and void, the fact of Judge Head's incompetency being non-existent, there was no authority to appoint a special judge, and no acquiescence, submission or consent of parties could confer upon him any power to try

[Ex parte Hayes.]

the cause or render any judgment in it.—Cooley Const. Lim., p. 504; *Hoogland v. Creed*, 81 Ill. 506; *Andrews v. Beck*, 23 Tex. 455; *Hoverly I. M. Co. v. Hawcutt*, 6 Cal. 574.

The judge of the tenth judicial circuit will proceed in the cause upon advice of this opinion.

### *Application for Mandamus to Circuit Court.*