[Medlin v. Taylor, Judge, &c.]

# Medlin v. Taylor, Judge, &c.

*Application for Mandamus.*

1. *Adjudication by a judge of his own incompetency not conclusive.*— The adjudication by a judge of his own incompetency to hear and determine a cause, and the entry of this conclusion on the record of his court, is not determinative or conclusive of the inquiry of incompetency *vel non*, on application for *mandamus*, or on appeal.

2. *Incompetency of a judge; how determined on application for mandamus, and on appeal.*—When application is made to the circuit judge for a writ of *mandamus*, to compel the judge of probate to hear and determine a certain cause, which he has adjudged himself incompetent to try, it is the duty of the circuit judge to determine the question of incompetency upon the facts disclosed, regardless of any adjudication made thereon by the judge, whose incompetency is at issue; and a like duty devolves upon this court on appeal from the *mandamus* proceedings.

3. *When probate judge incompetent to hear an election contest.*—Where a contest of the election of a tax collector is instituted before a probate judge, who was declared elected at the same time as was the contestee, and whose election was being contested before the judge of the circuit court upon the same grounds specified in the statement of contest filed by the contestant, such probate judge, although not disqualified under constitutional and statutory provisions, has, under the doctrine of the common law, such personal interest in the questions involved as to render him incompetent to hear and determine the contest, and to justify him in declining to do so.

APPEAL from the Circuit Court of Madison.

Heard before the Hon. H. C. SPEAKE.

The appeal in this case is prosecuted from a judgment refusing to grant a writ of *mandamus*, directed to Thomas J. Taylor, judge of probate of Madison county, and dismissing the petition for such writ, which was filed by the appellant, R. H. Medlin. The facts of the case are sufficiently stated in the opinion.

J. B. MOORE and ROULHAC & NATHAN, for appellant, cited *Ex parte State Bar Association*, 92 Ala. 113, 8 So. Rep. 768; *Keyser's Case*, 58 Cal. 315; *People v. Edmonds*, 15 Barb. (N. Y.) 529.; *McFadden v. Preston*, 54 Texas 403; *Taylor v. Williams*, 26 Texas 583; 27 U. S. Dig. 158, § 45; 1 Greenleaf Ev., § 389.

[Medlin v. Taylor, Judge, &c.]

R. C. BRICKELL, and MILTON HUMES, *contra*.—Although Taylor, the judge of probate, was not incompetent under the provisions of section 647 of the Code, he was disqualified under the doctrine of the common law, and these provisions justify his refusing to hear and determine the cause.—*Gill v. State*, 61 Ala. 169; *Morse v. Morse*, 11 Barb. 510; *McMillan v. Andrews*, 10 Ohio St. 112; *Dabney v. Mitchell*, 66 Ala. 495; *Washington Ins. Co. v. Price*, Hopkins Ch. 1; 1 Greenl. Ev., § 364; 1 Whart. Ev., § 600; *Moses v. Julian*, 45 N. H. 52; s. c. 84 Amer. Dec. 114. The statutory prohibition was not intended to, and does not, supersede or do away with the common law disqualifications.—*Ryan v. Couch*, 66 Ala. 244; *Scaife v. Stovall*, 67 Ala. 237; *Beale v. Posey*, 72 Ala. 323; *Cook v. Meyer*, 73 Ala. 580; *Lanier v. Youngblood*, Ib. 587.

McCLELLAN, J.—Thos. J. Taylor, the probate judge of Madison county, declined to take jurisdiction of a contest instituted before him of an election to the office of tax collector of that county, and refused to hear and determine the same. Thereupon the contestant applied to the judge of the circuit court of that county for a writ of *mandamus* commanding the said judge to hear and determine said contestation. The petition for *mandamus* disclosed the grounds of Judge Taylor's recusation to be that he, said Taylor, and the contestee, one Esslinger, were candidates at the general election in August, 1892, the former for the office of probate judge and the latter for the office of tax collector, that they were each returned as elected to these respective offices, and his, Taylor's, election was at the time he refused to hear said contest between Medlin and Esslinger "being contested before the judge of the circuit court upon grounds, causes and for reasons in all respects similar to the grounds, causes and reasons specified in the statement" of contest filed by said Medlin against said Esslinger. A rule *nisi* was entered, and upon the coming in of the respondent he demurred to the petition assigning several grounds, two of which assignments were sustained. These were, *first*, that it appeared by the petition that respondent was "for legal cause incompetent" to hear and determine the contest; and, *second*, that it is shown by the petition for *mandamus* that said respondent, judge &c., "in the exercise of the jurisdiction with which by

law he was clothed, adjudged and entered of record in said court of probate a judgment declaring his incompetency" to proceed with the trial of the cause, "and certified the fact of such incompetency to the register in chancery of the county of Madison."

To consider the second assignment of demurrer first: It is manifest that the gist of it lies in the assumption that the finding of the judge of his own incompetency and the entry of his conclusion to this effect on the records of the probate court is determinative and conclusive of the inquiry of competency *vel non* whatever might be the real fact in that connection. That this is not the law, and that, of consequence, it was the duty of the circuit court, and our duty on this appeal, to determine the question of Judge Taylor's competency on the facts stated in the petition and appearing by the exhibits thereto, wholly regardless of any adjudication he may have made in the premises, is thoroughly established by the decisions of this court.—*Ellis v. Smith*, 42 Ala. 349; *Ex parte State Bar Association*, 92 Ala. 113, 8 So. Rep. 768.

So that whatever view Judge Taylor may have entertained of his competency, and however he may have expressed it—in the form of a judgment entry on the records of his court or otherwise—and whether or not he certified his conclusion of incompetency to the register in chancery, the sole question presented by this appeal has to do with the facts out of which incompetency is supposed to be evolved, and must be determined accordingly as we find or do not find those facts to involve a disqualifying interest on the part of Judge Taylor in the result of the contestation he was called on to try.

That Judge Taylor did not have a disqualifying *interest* in the result of the case, within the provisions of our constitution and statutes, is virtually confessed in the argument of counsel and can not be doubted. To come within these inhibitions the interest must be a *pecuniary* one to be affected *by the judgment* in the particular case, and not merely an interest, pecuniary or other, in the question involved but not in the result of the particular case, and which, though not precluded by the judgment therein, may be affected by the "general operation of law on the *status* fixed by the decision." Judge Taylor not only had no pecuniary interest in the result of this contestation, but he had no interest whatever that could

be affected by any possible termination of the issues involved.—*Ex parte State Bar Association*, 92 Ala. 113, 8 So. Rep. 768; 12 Am. & Eng. Encyc. of Law, p. 48; *North Bloomfield Mining Co. v. Keyser*, 58 Cal. 315; *The People v. Edmonds*, 15 Barb. 529; *McFaddin v. Preston*, 54 Tex. 403.

It is the opinion of the court, however, that under the doctrines of the common law, aside from our constitutional and statutory provisions, he had such a personal interest in the questions involved in the contestation of Medlin, in the nature of things, such a bias in favor of one of the parties to the case, as disqualified him to hear and determine the same, and justified his action in declining so to do.—*Gill v. State*, 61 Ala. 169, and authorities there cited.

The judgment of the circuit court denying the application for *mandamus* must be affirmed.