(116 So. 328)

**Ex parte MARTIN, Probate Judge.**
(4 Div. 400.)

Court of Appeals of Alabama.   Feb. 14, 1928.

Rehearing Denied March 6, 1928.

Lee & Tompkins and Farmer, Merrill & Farmer, all of Dothan, for petitioner.

O. S. Lewis, of Dothan, and Sollie & Sollie, of Ozark, opposed.

PER CURIAM.   Under, and in accordance with the provisions of the act of the Legislature of Alabama approved August 26, 1927 (General Acts Alabama 1927, p. 465), which act amended section 2336 of the Code of 1923, a petition was filed with Hon. H. K. Martin, as probate judge of Houston county, asking "that the proposition of organizing the city of Dothan, Ala., under article 46 of chapter 43 of the Code of Alabama 1923, viz., from an aldermanic form of government to a commission form of government, as provided in said article, be submitted to the qualified electors of said city."

Upon the petition so presented to Judge Martin there appeared, as one of the signers of same, the name of *H. A. Pearce,* and it is admitted in the proceedings here that the individual who is designated by the name "H. A. Pearce" so signed to said petition, and the one designated by "Hon. H. A. Pearce, judge of the Fourth judicial circuit of Alabama," is one and the same person.

Judge Martin, after finding that the said petition bore the requisite number of signatures of qualified electors, refused, on stated grounds to make the certificate to the mayor of the city of Dothan, described in the statute under which the petition was filed. Whereupon a petition was filed directed to Hon. H. A. Pearce, as judge of the Fourth judicial circuit of Alabama, asking that a writ of mandamus issue to Hon. H. K. Martin, as probate judge of Houston county, commanding him to make said certificate.

While the petition to Hon. H. A. Pearce, as

judge of the Fourth judicial circuit of Alabama, was pending and undisposed of, this proceeding was instituted in this court, by petition asking us to issue the writ of mandamus to the said Hon. H. A. Pearce, as judge of the Fourth judicial circuit of Alabama, who had refused to recuse himself, on motion, commanding him to recuse himself from the consideration of the petition pending before him, on account of the matters and things, and those alone, shown by the statement we have made hereinabove. Our duty, as we see it, is defined solely and alone by the answer to the query "whether or not the act of 'H. A. Pearce,' who is, as we have stated, the same man as 'Hon. H. A. Pearce, judge of the Fourth judicial circuit of Alabama,' in signing the petition filed with Hon. H. K. Martin, as probate judge of Houston county, disqualified the said Hon. H. A. Pearce, as judge of the Fourth judicial circuit of Alabama, to determine the mandamus proceeding which, at the time of the institution of this proceeding here, was pending before him." We do not think it did.

We are unable to see a good reason for a long dissertation or discourse by us upon the general subject of disqualification of nisi prius judges to hear causes. It is practically conceded by counsel for petitioners here that the provisions of our statute on the subject (Code 1923, § 8570) do not apply. They do not.

Falling back upon the common law for our guidance, we believe we can express our views no better than was done by the Supreme Court of Florida in the case of Sauls v. Freeman, 24 Fla. 209, 4 So. 525, 12 Am. St. Rep. 190. In the second headnote of that case is this:

"The fact that a circuit judge signed, with other registered voters of the county, a petition addressed to the county commissioners, asking for a change of the county site, did not disqualify him, on the ground of interest, to sit in a mandamus proceeding instituted by some of the petitioners to compel the commissioners to call an election on the question of changing the county site, as it is made their duty to do by the statute."

The opinion in this Sauls v. Freeman Case is, we think, well considered. It has been cited, with approval, by the Supreme Court of our state (Ex parte State Bar Association, 92 Ala. 113, 8 So. 768), and so far as we are advised remains, since its rendition, without criticism by the adjudicated cases of the land. In it, an even stronger reason for holding the circuit judge, who had signed the petition there involved, disqualified appears than is the reason urged here. There the petition "asked that the county site be changed." Here the petition shown to have been signed by the circuit judge, under the name "H. A. Pearce," makes no similar request. It simply asks that the proposition be "submitted to the qualified electors." It fails to even remotely indicate how, or on which side, the said "H. A. Pearce" would vote, in the event the said election was ordered.

Out of an abundance of caution we deem it well to state again, more specifically, that nothing whatever is considered by us here, in arriving at the conclusion we have reached, but the sole and single question of law presented by this record, viz., Is or not Hon. H. A. Pearce, as judge of the Fourth judicial circuit of Alabama, disqualified from determining the petition for mandamus pending before him, by reason of the fact that he, as the private citizen "H. A. Pearce," had signed the original petition mentioned as having been filed with Hon. H. K. Martin, as probate judge of Houston county? We hold he is not, and the petition for the writ of mandamus is denied.

Writ denied.