# Crook, Judge, Etc. *v.* Newborg & Son.

*Proceeding by Mandamus.*

1. *Administrator's bond; sureties on concluded by decree against principal.*—Sureties upon an administrator's bond are bound and concluded by the decree against their principal primarily and to the same extent as their principal is bound.

2. *Judges; how far disqualification extends.*—The disqualification of judges on account of relationship or interest in the result of the suit, etc., provided for in section 2637 of the Code, extends not only to the party to the record, but to any person interested in the judgment or decree who is related to the judge within the fourth degree of consanquinity or affinity.

3. *Same.*—The surety on the bond of an administrator has such an interest in the decree rendered on the settlement of his administration by his principal as to disqualify the probate judge from hearing and determining such settlement who is related within the fourth degree of consanguinity or affinity to the surety.

4. *Same.*—The sureties on the bond of an administrator can prosecute an appeal to the Supreme Court for the purpose of reviewing the decree rendered against him on settlement of his accounts in the probate court.

5. *Same.*—It is the duty of a probate judge when he knows that he is disqualified to preside in a cause because of his relationship to one of the parties in interest, to refuse to hear the cause, and to certify his disqualification to the proper officer without waiting until the parties object to him.

6. *Mandamus; when proper remedy to be directed to probate judge.*—Mandamus is the proper remedy to compel a probate judge who is incompetent under the statute to hear a case pending in his court to certify his incompetency as provided by section 3381 of the Code.

APPEAL from Anniston City Court.
Tried before Hon. JAMES W. LAPSLEY.
The opinion sufficiently states the facts.

MATTHEWS & WHITESIDE and W. P. ACKER, for appellant.—The settlement of Gammon could hardly be con-

sidered a suit against him, and certainly S. L. Cook was no party.—*Martin v. Tally,* 72 Ala. 30; *Steele v. Graves,* 68 Ala. 17. (2). The interest to disqualify a judge must be direct and immediate.—*Ellis v. Smith,* 42 Ala. 353; *Hine v. Hussey,* 45 Ala. 496; *Hayes v. Collier,* 47 Ala. 726; *New v. State,* 49 Ala. 9.

KNOX & BOWIE and BLACKWELL and KEITH, *contra,* cited, in their argument on the disqualification of the judge, the following authorities.—*Lyon v. State Bank,* 1 Steward 442; *Pegues v. Baker,* 110 Ala. 251; *Gill v. State,* 61 Ala. 169; *Medlin v. Taylor,* 101 Ala. 239; *Plowman v. Henderson,* 59 Ala. 559; *Wilson v. Wilson,* 36 Ala. 655; *Butler v. Elyton Land Co.,* 84 Ala. 384; *Edmondson v. Matthews,* Mss.

TYSON, J.—This appeal is prosecuted from a judgment rendered by the city court of Anniston awarding a writ of *mandamus* to compel the appellant to certify his incompetency as probate judge to hear and determine the settlement of an account of one Gammon as administrator. The settlement to be made by the administrator is one required under sections 298-299 of the Code after declaration of insolvency of the estate.

One of the objections urged to the competency of the appellant, in the probate court, and upon which in part was based the demand that he certify his disqualifications to hear and determine the matters involved in said settlement as appears from the petition for the writ, was that S. L. Crook, a first cousin of the appellant, is one of the sureties upon the bond of Gammon as administrator. The fact of suretyship and the consanguinity of the surety, S. L. Crook, to the appellant, as alleged, is admitted in the answer to the petition.

It has been too often adjudicated by this court to be now a matter of doubt, much less of dispute, that sureties upon an administrator's bond are bound and concluded by the decree against their principal primarily and to the same extent as their principal is bound. *Banks v. Speers,* 97 Ala. 563 and authorities there cited. So then the question fairly presented may be said to be this: Is a judge disqualified from determining a cause in which a decree or judgment must be rendered, in which a first cousin, though not a party to the proceeding *eo nomine,* has an interest in the result of the trial?

Section 2637 of the Code provides that "No judge of any court, chancellor, county commissioner, or justice must sit in any cause or proceeding in which he is interested, or related to either party within the fourth degree of consanguinity or affinity, or in which he has been of counsel, or in which is called in question the validity of any judgment or judicial proceeding in which he was of counsel, or the validity or construction ·of any instrument or paper prepared or signed by him as counsel or attorney, without the consent of the parties entered of record, or put in writing, if the court is not of record."

By the very letter of the statute if S. L. Crook had been the administrator, instead of a surety, the probate judge, his first cousin, would have been disqualified. *Plowman v. Henderson*, 59 Ala. 559.

The contention is that S. L. Crook, not being a party to the record and his liability as surety being remote or contingent, the disqualifying causes enumerated in the statute do not apply.

The purpose of the statute is to secure to litigants a fair and impartial trial by an impartial and unbiased tribunal. Next in importance to the duty of rendering a righteous judgment is that of doing it in such manner, as will beget no suspicion of the fairness or integrity of the judge. "The principle of disqualification is to have no technical or strict construction, but is to be broadly applied to all classes of cases where one is appointed to decide the rights of his fellow citizens. * * * Disqualifying statutes are not to be construed in a strict technical sense, but broadly with liberality. The term 'party' used to indicate persons to whom the judge is related and who are connected with the litigation, is not confined to parties of record."—12 Am. & Eng. Ency. Law, p. 41 and notes 3 and 4, p. 42.

The Supreme Court of Texas, in the case of *Gains v. Barr*, 60 Tex. 676, construing a statute which contains substantially the same language as ours, said: "A narrow or contracted construction of the term 'party,' which confines it to the very person named on the docket as such, and excludes such as stand precisely in the same relation, would often defeat the end had in view of having justice impartially administered, free from the bias

and influence produced by the interest held in the cause
by the judge or *his relations.'* "

In *Foot v. Morgan,* 1 Hill (N. Y.), 654, where the lan-
guage of the statute was: "No judge can sit who is of
such affiity to either party that he might be challenged
as a juror," the court said: "There can be no doubt that
the statute extends to the party beneficially interested,
as well as the real party."

In *Moses v. Julian,* 45 N. H. 52, will be found an ex-
haustive dissertation in which a great many decisions
are cited upon the subject of the disqualification of
judges by reason of interest, relationship or affinity and
bias or prejudice. Speaking directly to the point here
under consideration the learned judge said: "Relation-
ship or affinity to either party in interest, though not a
party to the suit, is a cause of recusation by either."

The same construction has been placed upon our stat-
ute (Code, § 2637) by this court in *Gill v. State,* 61 Ala.
171, where it was said, after quoting section 540 of Code
*in haec verba:* "The parties to the present proceeding
were the State of Alabama as complaining party, and
Joe Gill as defendant. These were the only parties. It
is manifest that the present case does not fall within the
letter of the statute. But, if we confine the rule to the
strict letter of § 540 of the Code, we thereby declare a
judge may sit in judgment on a criminal, who took the
life of his nearest relative. Nay, more; for offenses less
than homicide, we declare that a judge may try an of-
fender for a public offense against his own person or
property. According to the stern morality of the com-
mon law, a judge is required to be legally indifferent be-
tween the parties. Relationship, usually within the
fourth degree of the civil law, the law in its severe, but
humane ethics, regards as a bias that unsettles the per-
fect equipoise that justice demands."

These authorities are conclusive that the disqualifica-
tion extends not only to the party to the record, but that
the judge is incompetent when related within the fourth
degree to any person interested in the judgment or de-
cree.

Is the interest of a surety upon an administrator's
bond in a decree to be rendered on a final settlement of

his principal, so remote and indirect as that notwith-standing the relationship of the judge, he may render such decree?

The purpose of the settlement is to state the account between the administrator and those interested in the matter of distribution of the assets of the estate, whether they be heirs or creditors. An accurate statement of the account is a matter in which the administrator and the adverse parties are vitally interested. This, of necessity, involves the allowance of proper credits to the adminis-trator for all money legally disbursed by him and a charge against him of only such items as he is legally chargeable with. In the matter of the statement of this account, it is of some moment to the sureties upon the administrator's bond, that their principal should be charged only with such items as he is liable for, and that he be credited with all moneys rightly paid out by him, since the decree to be entered in the cause, by which they are bound, is predicated upon the account as stated by the judge. Indeed, we doubt not, but that they can prose-cute an appeal to this court for the purpose of reviewing the decree.

The principle here involved was expressly decided by this court in the case of *Wilson v. Wilson,* 36 Ala. 655. In that case the probate judge himself was a surety upon an administrator's bond. It could have been there said with as much plausibility as here that his interest was remote and contingent. But the court said: "Being as we suppose, at one time bound as the surety of Randall and Roper, it follows that, unless he has been discharged as such surety, he is incompetent from interest to pre-side in any trial or controversy, the result of which will be to fix a liability on said administrators, or to dis-charge them from such liability. In such contest he has such an interest as not only disqualifies him from presiding, but would render any judgment pronounced by him void." See also, *North Bloomfield G. M. Co. v. Keyser,* 58 Cal. 315.

The interest of the surety in the decree to be rendered is direct and, of consequence, his relation to the probate judge within the prohibited degree, renders the judge in-competent to hear and determine the cause. When this

is the case, under section 3381 of the Code, it is the duty of such judge to certify the fact of incompetency to the register in chancery of the county or if the register is incompetent, to the judge of the circuit or to the chancellor of the division; and such register, judge or chancellor, must, upon such certificate, appoint a disinterested person practicing in the county learned in the law to act as special judge. The record in this cause discloses that the appellant refused to certify his incompetency to the register in chancery of Calhoun county after being requested to do so. It does not appear that the register is incompetent, but his refusal to so certify as appears from the pleading was based solely upon the ground that he was not disqualified to hear the cause. Indeed it was his duty without waiting until the parties objected to him, if he knew of the relationship, to refuse to hear the cause and to certify his disqualification to the proper officer.—*Moses v. Julian, supra.* By the terms of the statute the register, circuit judge or chancellor are without authority to appoint a special judge except upon certificate of the fact of incompetency from the disqualified judge.

The next contention of appellant is that *mandamus* is not the proper remedy to require the judge to certify his incompetency to the proper officer to make the appointment of a special judge. The argument is that the judge must judicially determine his competency *vel non*, and that his decision of that question must be reviewed by appeal. The same argument was made in the case of *Ex parte State Bar Association,* 92 Ala. 113, as was the contention that an appeal was adequate. We will not repeat here what was so well and conclusively said by Justice McClellan in refutation of both of the contentions, and in holding that *mandamus* is the proper remedy. In that case the judge, perceiving that he was incompetent by reason of interest, declined to try the cause. Here the judge, conceiving that he is qualified declined to certify his incompetency. There can be no difference in principle between the two cases. But the case of *The State ex rel. Cranch v. Castleberry,* 23 Ala. 85, is directly in point. The county judge was a surety upon the bond of the defendant, who was charged with

bastardy. The prosecutrix moved the court to transfer the cause to the circuit court upon the ground of the interest of the judge and consequent incompetency to try it. The judge decided that he had no interest which incapacitated him to try the cause, and declined to make the order transferring it to the circuit court. Thereupon the prosecutrix applied to the circuit court for a *mandamus* to compel him to transfer the case, which was awarded. On appeal, this court, after deciding that the county judge was incompetent to try the cause on account of interest, said: "We entertain no doubt but that *mandamus* was the proper remedy to compel the transfer of the cause."

In *Graham v. The People,* 111 Ill. 253, it was held, where a county judge is interested in an estate of a deceased person, he has no discretion to exercise as to whether he will transfer the matter in dispute to the circuit court for adjudication and his power is limited to the simple ministerial duty to cause the record and papers to be certified to that court in conformity with the statute, and *mandamus* lies to compel him to do so if he refuses. Said the court: "A final objection urged by counsel for respondent is, that *mandamus* does not lie in this kind of a case, and *The People v. McRoberts,* 100 Ill. 458, is referred to in support of the position. The cases are essentially different. There the judge had to exercise judgment and discretion. The right to the change depended upon the sufficiency of the petition, and of this the judge was to determine. But here the interest of the judge is a matter knowledge of which exists in his own breast, and it renders him absolutely incompetent to act,—goes to the jurisdiction of the court. There is nothing for him to exercise judgment upon. The fact existing, his power is limited to the simple ministerial duty of causing the record and papers to be certified, in conformity with the statute."

We have not considered the other alleged ground of incompetency so ably argued by counsel on both sides, as a decision of that question is unnecessary under our view of the case.

The judgment of the court below must be affirmed.