47 So.2d 180

## Ex parte BENSON.

### BENSON v. ELMORE, Judge.

### 6 Div. 29.

Supreme Court of Alabama,
June 22, 1950.

John A. Altman, of Carrollton, for petitioner.

48

B. G. Robison, Jr., of Carrollton, for respondent.

STAKELY, Justice.

This is an original mandamus proceeding to require the Hon. V. W. Elmore, Judge of the 24th Judicial Circuit of Alabama, to certify his disqualification to serve as Judge in a cause instituted by Amanda Benson in the aforesaid court in equity against Pickens County and others. The cause is submitted here on the petition for mandamus and demurrer thereto.

The suit filed in equity by Amanda Benson seeks a declaratory decree as to the liability of the respondents for damages for cutting out a right of way for a public road across her lands, removing fences, destroying accessibility to water for her cattle etc. The bill in the equity suit alleges that defendants assert as a basis for

their right to cut the right of way and to the other things complained· of that a public road was established across the land by an order of the Commissioners Court of Pickens County entered on the minutes of the court on April 3, 1912. Reference is made to the decision of this court in Benson v. Pickens County, Ala., 43 So.2d 113 [1] for an understanding of the suit filed by Amanda Benson, especially with reference to the order of the Commissioners Court of Pickens County. A copy of the bill filed in the equity court is attached as an exhibit to the petition for mandamus filed here and made a part thereof.

We judge from the allegations of the petition before us that amendments were filed to the bill in equity after the foregoing decision by this court and after the case was returned to the Circuit Court of Pickens County, in Equity. A motion was made to strike certain parts of the bill as amended and then a motion was filed on January 10, 1950 in which Judge Elmore is asked to recuse himself. It is alleged in the petition for mandamus that Judge V. W. Elmore is disqualified to serve as Judge because before he became Judge he prepared the deed conveying the property from E. M. Bedford and wife Bell M. Bedford to your petitioner. A copy of the motion to recuse is attached to the petition here and made a part of the petition. A copy of the deed is attached to the motion to recuse. The motion to recuse contains the following grounds for the motion.

"1. That said Judge V. W. Elmore is disqualified to try said cause.

"2. That said Judge V. W. Elmore is disqualified to try said cause for that the said V. W. Elmore while an Attorney at law prepared an instrument the validity or construction of which is involved in this proceeding and no written consent of the parties to this proceeding has been made and entered of record."

It is further alleged that on a hearing of the petition filed for the purpose of having Judge V. W. Elmore recuse himself, the motion was denied.

1. 253 Ala. 134.

As presented in argument here the alleged right of petitioner to have the Hon. V. W. Elmore recuse himself as Judge is based (1) on the provisions of § 6, Title 13, Code of 1940 and (2) on common law grounds. The grounds of disqualification set forth in the statute are not exclusive so as to eliminate grounds for disqualification under the common law.—Bryce v. Burke, Probate Judge, 172 Ala. 219, 55 So. 635. The foregoing statute is set out as follows: "No judge of any court, county commissioner, or justice, must sit in any cause or proceeding in which he is interested, or related to either party within the fourth degree of consanguinity or affinity, or in which he has been counsel, or in which is called in question the validity of any judgment or judicial proceeding in which he was of counsel, or the validity or construction of any instrument or paper prepared or signed by him as counsel or attorney, without the consent of the parties entered of record, or put in writing, if the court is not of record."

Do the allegations of the petition with reference to the suit instituted by Amanda Benson in the Circuit Court of Pickens County, in equity, show that the validity or construction of the deed from E. M. Bedford and wife to Amanda Benson is involved? We do not think so. It is conceded that Judge Elmore drew the deed which contains the usual covenants of warranty but which makes no reference to any easement or right of way for a public road across the land. There is nothing to show that the deed is invalid. There is no ambiguity or uncertainty in the deed and consequently no room for construction. Pickens County is not in any way a party to the deed. The alleged fact that Pickens County was claiming a public roadway across the lands which was not referred to in the deed, would not render the deed invalid or present a question for construction of the deed. So Judge Elmore properly decided that no statutory ground existed for which he should recuse himself.

The petition for mandamus alleges that Judge Elmore in passing on the motion to recuse made statements in his order that show his bias or prejudice. The statements in the order, which are referred to, are alleged in the petition for mandamus in substance that the title to the land described in the deed is not in question as between the parties named in the deed, that there are no questions affecting the title of complainant to the lands to be decided as between the complainant and any parties who may have formerly owned the lands, that there is not a question as to the title to the land involved in this suit which affects the title of the complainant and there is no necessity of any construction of said deed. Furthermore it is alleged that an affidavit of one Dixon P. Fife which is attached to the petition and made a part of the petition shows that V. W. Elmore wrote the deed in question and stated at the time to affiant, who is the brother of complainant, that he knew all about the land and the title thereto, that he helped to straighten out the title when he together with D. D. Patton, now one of the attorneys for respondent, were attorneys for the Farmers & Merchants Bank of Gordo when the bank conveyed to E. M. Bedford, who later conveyed to complainant.

We confess that we are unable to see any common law ground for disqualification. There appear to be two diverging lines of authority in this state dealing with the interest necessary to sustain common law disqualification. The cases are referred to in Riley v. Wilkinson, 247 Ala. 231, 23 So.2d 582. But we do not see how in any event bias or prejudice has been shown either by the statement of Judge Elmore or the statement of Dixon P. Fife. It seems to us that the title of Amanda Benson is not in question, but only her right to compensation if the county through its agents or employees entered her lands on November 10, 1947 and caused her damage thereto. Her alleged claim and the obligation of the county to make just compensation therefor is discussed in Benson v. Pickens County, supra. It was there pointed out that the bill was "by a property owner in possession whose title is not in dispute."

50

We think the demurrer to the petition for mandamus must be sustained and the petition is dismissed.

Demurrer to petition for mandamus sustained.

Petition dismissed.

BROWN, FOSTER and LAWSON, JJ., concur.