72 So.2d 833

**Ex parte CLANAHAN et al.**

**2 Div. 332.**

Supreme Court of Alabama.

May 20, 1954.

88

Wilkinson & Skinner, Birmingham, for petitioner.

Adams & Gillmore, Grove Hill, McCorvey, Turner, Rogers, Johnstone & Adams, Mobile and Grady W. Hurst, Jr., Chatom, for respondent.

**STAKELY, Justice.**

Judge Joe M. Pelham, Jr., is the presiding Judge of the Circuit Court of Choctaw County, in Equity. An original bill of complaint was filed in the aforesaid court on April 15, 1950, by C. B. Morgan, Blanche Morgan et al., against Ellen Nix Clanahan et al., and certain lands in Choctaw County, Alabama. Certain phases of this litigation were before the court when it rendered its decision in Ex parte Arrington, 259 Ala. 243, 66 So.2d 96.

The petitioners in the present proceeding, who are respondents and cross complainants in the lower court, have filed an original application for mandamus in this court, in which they seek to have Judge Pelham certify his alleged disqualification to try the issues of the aforesaid cause. The present proceedings here are submitted on the petition for mandamus, a motion to strike certain allegations therein, a demurrer thereto and the answer of Judge Pelham.

C. B. Morgan and Blanche Morgan are residents of Choctaw County, Alabama. They claim to be in possession of and to own the surface and a mineral interest in 240 acres of land in Choctaw County, Alabama. The other complainants in the bill filed in the lower court, about thirty in number, claim that they own an interest in the minerals in the aforesaid lands, either a fee simple interest, a royalty interest or an oil and gas leasehold interest. All of the complainants in the original bill filed in the lower court are represented by Adams and Gillmore, Attorneys of Grove Hill, and Grady W. Hurst, Jr., an Attorney of Chatom, Alabama.

The bill of complaint is filed pursuant to Article 2 of Chapter 32, § 1116 et seq., Title 7, Code of Alabama of 1940, and is a proceeding in rem to quiet title to the land described in the bill of complaint. The procedural requirements of the aforesaid statutes were followed in respect to the aforesaid cause. The bill of complaint seeks to quiet title against a considerable number of persons, who are alleged to claim some title to, interest in, lien or incumbrance upon the respondent land or any part thereof. It is alleged in the bill that one Daniel Nix died intestate in 1862 and that his heirs or devisees are unknown to complainants, except as set out in the bill of complaint. The petitioners before this court and who are respondents and cross complainants in the suit to quiet title in the lower court, are alleged to be the descendants of Daniel Nix.

On November 28, 1951, the respondents and cross complainants in the lower court filed a motion to require Judge Pelham to certify his disqualification to preside as Judge in the aforesaid cause, alleging the following ground as the basis of the motion:

"Because the Honorable Grady Hearst, Jr., one of the Solicitors of Record for the complainants, is a son-in-law of the Honorable Joe Pelham, Jr., the Judge of the First Judicial Circuit of Alabama, and by reason of such relation is interested in the outcome of this litigation, and by reason of said relationship to the Honorable Joe Pelham, Jr., the Hon. Joe Pelham, Jr., is disqualified to hear and determine this case."

It was agreed between the parties in open court that the aforesaid motion should be submitted and considered on the motion and affidavit of R. R. Rhodes. No evidence in support of or against the motion, other than this affidavit, was presented to Judge

Pelham. The affidavit of R. R. Rhodes is as follows:

"I, R. R. Rhodes, do hearby make the following statement on oath, to be offered, by agreement of counsel, as evidence in lieu of examination of myself as witness, for submission on motion filed by Wilkerson & Skinner, as solicitors for respondents, and on motion filed by J. Massey Edgar, as Guardian ad litem, seeking the disqualification of Hon. Joe M. Pelham, Jr., as judge to try this litigation:

"Grady Hurst, Jr., one of the solicitors for complainants in this cause is a son-in-law of the said Joe M. Pelham, Jr.; the said Grady Hurst, Jr. had been employed in various matters by Magnolia Petroleum Company both prior and subsequent to the institution of this litigation; prior to the filing of this suit the said Grady Hurst, Jr. was employed by Magnolia Petroleum Company as one of the solicitors of record for complainants in this cause; it was then agreed between Magnolia Petroleum Company and the said Grady Hurst, Jr. that his compensation for acting as solicitor in this cause should be based upon a per diem rate which was agreed upon between Magnolia Petroleum Company and the said Grady Hurst, Jr., prior to the filing of the suit; the amount of said fee is in no manner contingent upon the successful outcome of the litigation; the amount to be paid him is the same, and shall be based upon the time devoted by him to the litigation, entirely without regard to whether complainants win or lose the lawsuit.

"Magnolia Petroleum Company is solvent, having a net worth of millions of dollars, and is financially able to pay Mr. Hurst the agreed fee in this case without regard to whether it is successful in this litigation or not. Said Magnolia Petroleum Company owns unencumbered property in Choctaw County, Alabama, worth many times the aggregate amount of Mr. Hurst's fee."

On November 28, 1951, Judge Pelham made an order overruling the motion, holding that he was not disqualified to try the case.

As stated the cause is submitted here on a motion of the respondent Judge Pelham to strike certain allegations of the petition filed here on the theory that the allegations present matters which were not before Judge Pelham at the time he made his ruling in the lower court. We find it unnecessary, however, to consider this feature of the case because apart from the questions raised by the motion, we do not consider that Judge Pelham is disqualified to try the case.

It affirmatively appears from the record that Grady Hurst, Jr., is a son-in-law of Judge Pelham and one of the solicitors of record for the complainants in the lower court. The Magnolia Petroleum Company is one of many complainants in the bill of complaint. We do not appear to be concerned, however, with the status of the bill in respect to any of them, except Magnolia Petroleum Company. It seeks to have a decree of the court that the oil and gas leasehold estate in certain lands is vested in Magnolia Petroleum Company. An answer has been filed denying that Magnolia Petroleum Company has an oil and gas lease interest in the land. It affirmatively appears from the record that Grady Hurst, Jr., is employed upon a per diem basis and the amount of his fee is in no manner contingent upon the successful outcome of the litigation. He will be paid the same amount whether complainants win or lose the lawsuit.

The mandatory grounds of disqualification set forth in the statute, to which we shall refer, are not exclusive so as to eliminate grounds for disqualification under the common law. Ex parte Benson, 254 Ala. 47, 47 So.2d 180. Under the common law the mere fact that the trial judge is related to one of the attorneys does not disqualify the judge.

In Fulton v. Longshore, Probate Judge, 156 Ala. 611, 46 So. 989, 990, 19 L.R.A., N.S., 602, this court said:

"In Turner v. Com., 2 Metc. (Ky.) [619] 626, the court said: 'At common law there were but two objections that went to the disqualifications of a judge to try a cause, to wit, interest in his own behalf in the result or being kin to others interested therein.'"

In 30 Am.Jur. p. 782, § 73, it is observed:

"In the absence of a statute or constitutional provision to the contrary, the mere fact that a judge is related to one or more of the attorneys in a cause tried before him is no ground for his disqualification. * * *."

See also 48 C.J.S. Judges, § 86, p. 1074.

■ Under the evidence it is clear that Judge Pelham has neither a pecuniary nor other personal interest in the result of the litigation. Ex parte State Bar Association, 92 Ala. 113, 8 So. 768, 12 L.R.A. 134; Bryce v. Burke, 172 Ala. 219, 55 So. 635; State ex rel. Miller v. Aldridge, 212 Ala. 660, 103 So. 835, 39 A.L.R. 1470; Medlin v. Taylor, 101 Ala. 239, 13 So. 310. The question then arises as to whether his relationship to Grady Hurst, Jr., is such as to disqualify him. The relationship is conceded but does Grady Hurst, Jr., have such an interest as to disqualify the Judge? As we shall see when we come to discuss the statute, Grady Hurst, Jr., does not have an interest in the result of the litigation. He may take pride in the successful outcome of the suit, but he has no interest in that which the suit concerns. Gulf States Steel Co. v. Christison, 228 Ala. 622, 154 So. 565. Certainly there is nothing in the situation under the common law which causes us to require the judge to disqualify himself for bias or prejudice, when he considers himself qualified to fulfill his oath of office.

■ This brings us to a consideration of the statute to which we have referred. Section 6, Title 13, Code of 1940, provides as follows:

"No judge of any court, county commissioner, or justice, must sit in any cause or proceeding in which he is interested, or related to either party within the fourth degree of consanguinity or affinity * * *."

Since it is conceded that Grady Hurst, Jr., is the son-in-law of Judge Pelham, the question for decision is whether Grady Hurst, Jr., is a party to the cause in the suit filed in the lower court within the meaning of § 6, Title 13, Code of 1940. The word "party" as set out in § 6, Title 13, Code of 1940, is not to be interpreted as referring exclusively to parties of record. Crook v. Newborg & Son, 124 Ala. 479, 27 So. 432. That case, in construing § 2637 (now § 6, Title 13, Code of 1940), held that the fact that a surety on a bond of an administrator was related within the prohibited degree to the probate judge, disqualified the probate judge from holding a settlement of the administration. Accordingly we must consider the question as to whether Grady Hurst, Jr., is a party to the cause within the meaning of the aforesaid statute.

The question of who is a party within the meaning of such a statutory provision was considered in Yazoo & M. V. R. Co. v. Kirk, 102 Miss. 41, 58 So. 710, 834, 42 L.R.A.,N.S., 1172. The holding of that case is summarized in the second headnote as follows:

"Under Const. 1890, p. 165, providing that no judge shall preside in any cause where the parties, or either of them, shall be connected with him by affinity or consanguinity, or where he may be interested in the same, except with the consent of the parties, a judge is disqualified to sit in a case where the plaintiff's attorneys, who are his son and brother-in-law, are interested in the outcome of the case; the action having been taken on a contingent basis."

So we have the Mississippi Court construing its constitutional provision, which is practically the same as the Alabama statutory provision, so as to extend the meaning of the word "party" to an attorney within the prohibited degree of rela-

tionship, where his employment is on a contingent basis.

In Norwich Union Fire Ins. Co. v. Standard Drug Co., 121 Miss. 510, 83 So. 676, 677, 11 A.L.R. 1321, § 995 of the 1906 Mississippi Code, which is substantially the same as the Alabama statute, was considered. The statute is as follows:

" 'Judge Not to Sit When Interested or Related.—The judge of a court shall not preside on the trial of any cause where the parties, or either of them, shall be connected with him by affinity or consanguinity, or where he may be interested in the same, or wherein he may have been of counsel, except by the consent of the judge and of the parties' ".

The Mississippi Court was considering whether the chancellor was disqualified because his first cousin was employed by the defendant on a contingent basis. The court held that the chancellor was not disqualified. It referred to the Kirk case, supra, and said:

"In the case of Young v. Harris, 146 Ga. 333, 91 S.E. 37, the Georgia court, one of the states which we followed in the Kirk case, had a case analogous to the present before it for consideration, and it was held that an attorney, whose contract with his client provides that he is to be paid a certain sum in all events and a larger sum if the attorney's client is successful, has no such interest in the subject-matter of the litigation as to disqualify the judge, who is a brother of the attorney, from presiding in the case. The court said at page 334 of 146 Ga., 91 S.E. 38:

" 'A judge is not disqualified to preside in a case because his brother is the attorney for one of the parties and the size of his fee is dependent on his success in the case. There is no statute or canon of law which disqualifies a judge on the ground of relationship to the attorney of one of the parties to a cause. Such disqualification must result only when he has a pecuniary interest in the subject-matter of the litigation.' "

In the aforesaid Georgia case, quoted with approval by the Mississippi case, it was further said:

" 'In the instant case the attorney has no interest in the res; he can recover nothing from the adversary party by virtue of his contract with his client, which is altogether outside of the subject-matter of the litigation. Such a contract gives the attorney no more interest in the litigation than if his contract were that his fee should be one sum should the trial occur at the first term and a different sum should the trial take place at a later term. Were the rule otherwise, it would be impossible for a judge to ever preside in a case where one of the attorneys is a kinsman within the fourth degree of consanguinity or affinity.' "

The court in the Norwich case also observed:

"We are asked in the present case to extend the rule so as to make the word 'parties' in the above statute include an attorney for the defendant, related as above stated, whose fee is a contingent one, even though he has no contingent interest in the subject-matter of the suit nor in the judgment to be entered. An extensive examination of the authorities fails to disclose any case where an attorney for the defendant on a mere contingent fee disqualifies a judge related to such attorney under a statute similar to the provisions of our statute set out. It is relationship to the parties, or either of them, to the suit that disqualifies a judge, and not his relationship to an attorney in the cause. We have gone farther than the majority of the courts in making an attorney related to the judge and having an interest in the suit a disqualification to a judge as being a party within the meaning of the law. We adhere to the rule announced in the Kirk case, but decline to extend it further. We believe

that the further extension of the meaning of this term, even if we had the power to enlarge upon the statute, would result in greater mischief than good. It is, of course, important that the trial judge be fair and impartial and removed from any improper influences in passing upon the rights of litigants, but to hold with the contention of the appellants would disorganize the judicial system of this state and result in practically unlimited special judges."

In Gulf States Steel Co. v. Christison, 228 Ala. 622, 154 So. 565, 567, two firms of lawyers were employed by the plaintiff in a workman's compensation case. In one of the firms was a son of the judge. This court in referring to Young v. Harris, supra, and the Norwich case, supra, said:

"The basis of the disqualification of the judge is not that the related attorney is employed on a contingent fee, but because such fee is payable out of the judgment recovered or is a lien on it, and that its amount is also affected by the amount of the recovery. Under such circumstances the attorney is directly interested in the subject-matter of the suit and its result. He is then a 'party' within section 8570, Code."

In dealing with the same proposition this court in De Moville v. Merchants & Farmers Bank of Greene County, 237 Ala. 347, 186 So. 704, 709, said:

"And in Gulf States Steel Co. v. Christison, supra, we also considered the question in the light of Crook v. Newborg, supra. We there held that such third person to stand in the attitude of a party so that relation to him will disqualify a judge he must have an interest, meaning direct and immediate, in the subject matter of the suit; that if he is interested in matter not involved in the suit, but affected by the event of its determination and the result thereof, he does not so stand in the attitude of a party as to disqualify a judge who is related to him under the statute."

At this point it is well to summarize by saying that to disqualify a judge for and on account of relationship, the relationship must be within the prohibited degree, the employment must be on a contingent basis, the fee must be a lien on the judgment or decree and the amount of the fee must be affected by the amount of the recovery. The amount of the fee to be paid Grady Hurst, Jr., is not on a contingent basis or in any way affected by the amount of the recovery. Does Grady Hurst, Jr., have a lien on the subject matter of the suit? Of course this question is corollary to the main question of whether or not Grady Hurst, Jr., is a "party" within the meaning of § 6, Title 13, Code of 1940.

It must be kept in mind that the only evidence in the case is the affidavit of R. R. Rhodes, which has been set out above. In determining the question, it is necessary to consider § 64, Title 46, Code of 1940. This is the statutory provision creating liens in favor of attorneys. Subsection 1 of this section, that is section 64, relates to a lien on papers or money of clients and is obviously not applicable to the question here under consideration. Subsection 2 of Section 64 is likewise not applicable because subsection 2 gives attorneys a lien upon suits, judgments and decrees but only suits, judgments and decrees for money. We set out subsection 2 as follows:

"Upon suits, judgments, and decrees for money, they shall have a lien superior to all liens but tax liens, and no person shall be at liberty to satisfy said suit, judgment or decree, until the lien or claim of the attorney for his fees is fully satisfied; and attorneys at law shall have the same right and power over said suits, judgments and decrees, to enforce their liens, as their clients had or may have for the amount due thereon to them."

It is clear that the suit in the lower court is not a suit for money. It is a suit to establish the title to lands which the complainants claim to be in possession of and to own or in which they have a specific interest.

It necessarily follows that if Grady Hurst, Jr., has a lien for his fee, it can only arise out of the provisions of subsection 3 of section 64 of Title 46, which gives an attorney a lien upon all suits for the recovery of land and personal property and upon all judgments or decrees for the recovery of the same. In Hale v. Tyson, 202 Ala. 107, 79 So. 499, 504, although decided before subsection 3 of section 64 appeared in its present form, it was said, "The statutory system now prevails in Alabama, and the attorney's lien is fixed and governed thereby." We set out subsection 3 as follows:

"Upon all suits for the recovery of real or personal property, and upon all judgments or decrees for the recovery of the same, attorneys at law shall have a lien on the property recovered, for their fees, superior to all liens but liens for taxes, which may be enforced by said attorneys at law, or their lawful representatives, as liens on personal and real estate, and the property recovered shall remain subject to said liens, unless transferred to bona fide purchasers without notice."

In the case of Owens v. Bolt, 218 Ala. 344, 118 So. 590, 593, Mr. Justice Bouldin noted the distinction between subsections 2 and 3 as follows:

"There is a distinct difference between a suit for the recovery of property under subdivision 3 and one for the recovery of money under subdivision 2.

"In a suit for money, the suit must be prosecuted to judgment to bring into being the subject-matter to which the lien attaches. In a suit for property, the subject-matter is already in being. Hence the marked difference in the language of the two subdivisions. In one the attorney is given the same power over the suit as the client. In the other, he is merely granted power to enforce his lien."

In the case of King v. Acuff, 218 Ala. 619, 119 So. 833, this court held that subsection 3 must not be extended beyond the fair intendment of the statute. In that case the attorney for the plaintiff claimed a lien on the land in a suit filed to quiet title and to clear up all doubts or disputes concerning the same. The court held there was no lien on the land in favor of plaintiff's attorney. In this connection it said:

"There was no recovery of property; there was only an authoritative and conclusive declaration by the court that defendants there had no interest in the property the subject of litigation. We are unable to find in the statute any purpose to create a lien in such case."

So, it appears that in the foregoing suit to quiet title this court held that the attorney has no lien for his fee.

In King v. Acuff, supra, the suit was brought under what are known as the in personam statutes to quiet title. § 1109 et seq., Title 7, Code of 1940. Is there any difference in the question under consideration in this case between the statutes providing for proceedings in personam to quiet title to land and the statutes providing for proceedings in rem to quiet title to land? We think not. In the case before us there is no allegation in the original bill that the respondents are in possession of the land. On the contrary it is alleged that C. B. Morgan and Blanche Morgan are in the actual, peaceable possession of the respondent land, holding such possession in recognition of the outstanding title and interest in and to the oil, gas and mineral title in and to the respondent land as tabulated in the bill. This tabulation includes the leasehold interest of the Magnolia Petroleum Corporation referred to in the affidavit of R. R. Rhodes. The bill in the present case is accordingly not a bill to recover land but is simply a suit to quiet title to lands and to clear up disputes regarding such title. Miller v. Gaston, 212 Ala. 519, 102 So. 541. It therefore appears that not having a lien for his fee on the land for his services in the suit, Grady Hurst, Jr., is not a party to the cause within the meaning of the statute.

But it is argued that the respondents have filed a cross bill in which they seek

to sell the land for division among the alleged joint owners. The cross bill had not been filed when Judge Pelham made his ruling, but it is not necessary to predicate our opinion on this situation. The cross bill cannot serve to give Grady Hurst, Jr. such an interest in the suit as shall disqualify Judge Pelham under § 6, Title 13, Code of 1940. It cannot serve to create a lien in his favor under § 64, Title 46, Code of 1940. The petitioner's cross bill for sale for division is not a suit by the complainants filed by their attorney Grady Hurst, Jr. for money or for the recovery of real or personal property. The Alabama statute does not give attorneys for defense a lien. It is well to note that the Alabama statute is copied from the Georgia statute and subdivision 5 of the Georgia statute, which purports to give liens to attorneys for defense, is omitted from the Alabama statute. If the legislature had intended that attorneys for the defense be given a lien, then certainly they would have included the omitted subdivision 5 of the Georgia statute. In King v. Acuff, supra, this court said:

"Significant perhaps is the fact that in adopting the Georgia statute law the Legislature of this state omitted subdivision 5 of the Georgia statute, which provides that 'The same liens and modes of enforcement thereof, which are allowed * * * to attorneys at law who are employed to sue for any property, upon the property recovered, shall be equally allowed to attorneys at law employed and serving in defense against such suits in case the defense is successful.'"

To sum up the situation, Grady Hurst, Jr. is not employed on a contingent basis, the amount of his fee is not dependent upon the result of the litigation, he does not have a lien by virtue of the statute and his relationship to Judge Pelham, therefore, does not disqualify Judge Pelham.

Attorneys for Judge Pelham argue that under the proceedings in the present case Judge Pelham could in no event be disqualified, because if there was any right to such disqualification it was waived by the failure to insist upon the right until after certain proceedings had been taken in the case. This court has held that disqualification of a trial judge may be waived. Gulf States Steel Co. v. Christison, supra. In view of our holding in the case, however, we find it unnecessary to consider this contention.

It results that mandamus will be denied.

Mandamus denied.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.