241 So.2d 848

David R. STREET

v.

N. Wicker HUTTO, R. H. Hollis, Jr. and Arthur Morris, Jr., as Members of the Personnel Board of the City of Dothan, and the City of Dothan, a Municipal Corporation.

4 Div. 20.

Court of Civil Appeals of Alabama.

June 30, 1970.

Rehearing Denied Aug. 5, 1970.

Farmer & Farmer, Dothan, for appellant.

: Hardwick, Hause & Segrest, Dothan, for appellees.

WRIGHT, Judge.

The appellant, David R. Street, was an employee of the electrical department of the City of Dothan. On September 20, 1968, appellant was informed by letter written by the superintendent of the electrical department that he was discharged as a city employee, effective September 23, 1968. The notice of discharge contained four separate charges concerning the actions of appellant as an employee which were the stated grounds of his discharge.

The employees of the City of Dothan are subject to the provisions of a civil service law enacted in 1947 as Act 273, Acts of the Legislature, approved August 7, 1947. This act has been amended from time to time but remains basically as originally enacted.

Appellant requested a hearing before the personnel board of the City of Dothan to challenge his discharge, as provided by the civil service law cited above. The personnel board consists of three members who are appellees herein. The requested hearing was duly held and the discharge of appellant was sustained unanimously by the board.

Appeal from the order of the board was apparently filed in the circuit court within five days as required by Act 273, and was pending at the time of the filing by appellant of the bill of complaint, out of which action this appeal arose.

Appellant filed a bill of complaint in the Circuit Court of Houston County, in Equity, on January 31, 1969. The complaint charges that subsequent to the hearing on appellant's discharge before the personnel board, appellant learned that the chairman of the board, appellee Arthur Morris, Jr., had made some remarks prior to the hearing indicating bias and prejudice against appellant and that such bias and prejudice prevented appellant from receiving a fair hearing by the board; that such bias and prejudice constituted a "species of fraud" practiced against him at the hearing.

The prayer of appellant's bill of complaint was that the order or decree of the board be set aside on the ground that he did not receive a fair and impartial hearing before the board, and that the board be directed to hold a new hearing. He avers that he had a meritorious defense to his discharge. Appellant further prayed that the appeal by appellant from the order of the board, then pending on the law side of the court, be abated.

The only pleading filed to the bill of complaint was an answer by appellees. The evidence in support of the bill and answer was presented by stipulation and was based upon affidavits from witnesses for appellant and Mr. Morris. Final decree was entered by the court on January 27, 1970.

By its decree, the court found the allegation of appellant that a "species of fraud

was practiced upon him and that by reason thereof, he did not receive a fair and just hearing," was not sustained by the evidence in that it was the burden of appellant, under his charge of fraud, to produce evidence to reasonably satisfy the court that the personnel board at the hearing had, by some deceitful practice or wilfull device, resorted to with intent to deprive the plaintiff of his rights, or to do him injury, prevented or failed to provide him with a fair hearing. The decree further found appellant not entitled to the relief prayed for and dismissed the action out of court. There was no order as to the abatement of the pending appeal from the order of the board requested in appellant's prayer to the bill.

After denial of motion for rehearing, appellant appeals from the decree of the court, assigning as error the decree in its entirety.

The evidence presented by appellant in support of the allegation that the appellees had practiced a "species of fraud" which prevented a fair and impartial hearing was as follows: That after appellant's discharge and prior to the hearing by the board, the foreman of appellant had informed board chairman Morris of the discharge and some of the reasons for it, and that the matter would probably come before the board. Morris admits in his affidavit that he responded by stating he would back up the discharge and he felt the other members of the board would do the same. He stated (although he did not say so at that time) he meant that he would back up the discharge if the charges proved to be true. He further stated that his vote at the hearing was based solely on the evidence presented.

There was no evidence or charge of bias or prejudice on the part of the other two members of the board, who are also defendants to the bill of complaint, and appellees here.

At the beginning of our consideration of this appeal we observe that this is a most unusual bill of complaint. It charges a "species of fraud" which appellant in brief categorizes not actual but constructive.

We assume the intent of plaintiff below in filing such a bill of complaint was to invoke the power of equity courts to set aside, annul, vacate or enjoin judgments of a court of law secured by fraud, accident, surprise or mistake without negligence on the part of complainant, and to which action complainant had a meritorious defense. The wording of the bill of complaint tends to support our assumption.

We have experienced cases predicated upon actual or extrinsic fraud charged to the party or his attorney bringing the action out of which the judgment arose, but never have we seen, nor can we find precedent for a complaint against a "judge" or one of the judges rendering a judgment because of a constructive fraud or a species of fraud.

The usual charge of disqualification of a judge for interest, bias or prejudice against a party is presented prior to trial, or at least during trial and before judgment. The charge is presented to the trial tribune in the form of an oral or written motion to recuse, or of disqualification. On refusal to recuse or disqualify, if the charge is supported by fact, mandamus will lie. Hudson v. Sparks, 272 Ala. 203, 129 So.2d 664. We have neither found nor been cited to a case in any jurisdiction where the fraud made the basis for a bill of complaint in equity to set aside a judgment of another tribunal is a "species" alleged as bias or prejudice of the judge which prevented petitioner from receiving a fair trial. To compound the strangeness of our situation, the bias or prejudice did not appear during the trial but some two months after judgment.

Since the court below assumed jurisdiction of the action, and the bill of complaint was not attacked by demurrer or plea, we can only conclude it was considered as an ordinary case based on fraud in the securing of a judgment.

To support such a complaint there must be proof of actual fraud in the procurement of the judgment, and such fraud must be extrinsic or collateral to the matter which was tried; there must be stated and shown available a meritorious defense which would justify setting aside the judgment, giving a due regard that the interest of society requires strictness and caution in the exercise of the power of equity to set aside judgments. Quick v. McDonald, 214 Ala. 587, 108 So. 529; Fowler v. Nash, 225 Ala. 613, 144 So. 831; Miller v. Miller, 234 Ala. 453, 175 So. 284; Farrell v. Farrell, 243 Ala. 389, 10 So.2d 153; Maddox v. Hunt, 281 Ala. 335, 202 So.2d 543, 28 A.L.R.3d 1373.

The trial court determined that there was an insufficiency of evidence to support the material averments of the bill of complaint and thus fulfill the burden which appellant placed upon himself. We cannot find error in the decree of the court below.

There is no indication from the complaint or the evidence that the order of the personnel board was not fully supported by the evidence.

Since appellant has, by his bill of complaint requested the abatement of his appeal from the order of the board, we assume there is nothing in the record of the proceedings before the board which does not support the order. However, we do not pretermit that question since it is not before us. We would comment that it appears the appeal is still pending since it was not mentioned in the decree below. There would appear to be some question of authority of the equity court to issue an order to abate.

There was nothing offered in support of the allegation of fraud but a statement of the chairman, Mr. Morris, that he would back up the appointing authority in the discharge of an employee. There was not shown any resulting arbitrary, unjust or unfair act by Mr. Morris subsequent to his statement. There is no proof of any action or attitude on his part during the hearing to indicate bias or prejudice. The other two members of the board were the majority participants in the order. There is no implication that they were biased or prejudiced against appellant.

We do not advocate or suggest that the statement of Mr. Morris was proper or should not be frowned upon. He certainly should not have made it or listened to any statement concerning a possible case to be heard by the board. Such action was sufficient to raise a suspicion that he would not be non-partisan on a hearing. The occasions for such suspicion should be adamantly avoided. However, suspicion is insufficent to convict.

There is a presumption that a judge or one sitting in a judicial capacity is qualified and unbiased. In view of such presumption, there is a substantial burden on the one alleging the contrary to show grounds therefor. Re Buchman's Estate, 132 Cal.App.2d 81, 281 P.2d 608, 53 A.L.R. 2d 451, cert. denied 350 U.S. 873, 76 S.Ct. 118, 100 L.Ed. 772; 46 Am.Jur.2d (Judges) Section 221.

Title 13, Section 6, Code of Alabama 1940, provides statutory disqualifications for judges in Alabama. It has been held that the statute is not exclusive of common-law grounds. Ex parte Benson, 254 Ala. 47, 47 So.2d 180; Ex parte Clanahan, 261 Ala. 87, 72 So.2d 833. It was held in Fulton v. Longshore, 156 Ala. 611, 46 So. 989, that the interest, bias or prejudice, in order to disqualify, must be pecuniary or personal.

After thorough review and consideration, we find no error and therefore affirm the decree of the court below.

Affirmed.