RUSSELL, Judge.
This is a petition for writ of mandamus.
The petitioner and her husband are parties to a divorce action pending in the Circuit Court of Talladega County. Following the petitioner’s motion to recuse and an examination of the trial judge by attorneys for both parties, the trial judge denied the motion. This petition for writ of mandamus followed. We deny the petition.
The petitioner argues that, because the trial judge has had certain contacts with her husband’s father, Canon 3C(1) of the Canons of Judicial Ethics mandates that he recuse himself. It states:
“C. Disqualification:
“(1) A judge should disqualify himself in a proceeding in which ... his impartiality might reasonably be questioned, including but not limited to instances where:
“(a) He has a pérsonal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.”
However, prejudice on the part of a judge is not to be presumed. Duncan v. Sherrill, 341 So.2d 946 (Ala.1977). Rather, a judge is presumed to be qualified and unbiased, with the burden on the moving party to prove the contrary. Street v. Hutto, 46 Ala.App. 324, 241 So.2d 848 (Ala.Civ.App.1970).
We find the evidence insufficient to support the petitioner’s contention of bias on the part of the trial judge. Evidence was presented of the limited contacts said to exist between the trial judge and the husband’s father, who is not a party to this action. Such contacts include the trial judge’s having once drafted a deed for the husband’s father; his having acted as a radio personality for a radio station owned by the husband’s father, for which, the trial judge testified, he was not compensated; and his having attended several Christmas parties given by the husband’s father on behalf of employees of the radio station.
The trial judge testified that any past association he might have had with the husband’s father would not predispose him to make any particular assessment of the father’s credibility or veracity if he were to be called as a witness. We find that the petitioner has failed to meet her burden of establishing bias on the part of the trial judge so as to require his recusal.
WRIT DENIED.
ROBERTSON, J., concurs.
INGRAM, P.J., concurs specially.