This is an employee termination case.
On September 14, 1983 Robert A. Kucera was dismissed from his position as a supervisory employee with the Alabama State Department of Corrections (hereinafter Department of Corrections). His dismissal was based on the violation of several administrative *Page 346 
regulations, stemming from an incident which occurred on June 29, 1983, and which resulted in his arrest on criminal charges. Subsequently, Kucera was found not guilty by reason of insanity of these criminal charges.
Following the not guilty verdict, Kucera appealed his dismissal from the Department of Corrections to the Personnel Board for the State of Alabama (hereinafter Board). A hearing was held before a hearing officer on January 3, 1985. After review of all of the evidence and information of record, the designated hearing officer recommended that Kucera be reinstated without pay for the period of time he had been dismissed, or that he be reassigned to another position with the same classification. Both Kucera and the Department of Corrections filed objections to the recommendations of the hearing officer, and a subsequent hearing was held before the Board on March 19, 1985.
Following the hearing on the objections, the Board found that the Department of Corrections' charges against Kucera were sustained by the evidence, and that Kucera should not be reinstated to his position. The Board also found that the recommendations of the hearing officer should not be accepted.
On April 2, 1985 Kucera filed a petition for a writ of certiorari in the Circuit Court of Montgomery County, seeking review of the Board's ruling. The writ was granted, and on August 22, 1985 the circuit court entered an order upholding the Board's decision which sustained the dismissal of Kucera by the Department of Corrections. From this order Kucera filed notice of appeal to this court.
The dispositive issue here is whether the trial court properly found that the Board's decision to uphold Kucera's dismissal was supported by the evidence.
Under section 36-26-27 (a), Code 1975, the commissioner of the Department of Corrections, acting as the "appointing authority," has the authority to dismiss any employee within his employ for cause. To challenge such dismissal, the employee may appeal to the Board. Hilyer v. Blackwell, 377 So.2d 1090
(Ala.Civ.App.), cert. denied, 377 So.2d 1092 (Ala. 1979).
A review of an employee's termination by the Board is only to determine if the reasons stated for the dismissal are sustained by the evidence presented at the hearing. Thus, an order of the Board sustaining the employee's dismissal is the equivalent of a finding that the charges against the employee were warranted.Roberson v. Personnel Board, 390 So.2d 658 (Ala.Civ.App. 1980).
In reviewing the Board's decision by certiorari, the circuit court looks to see if there is any legal evidence in the record to sustain the Board's findings. Chavers v. State PersonnelBoard, 357 So. 662 (Ala.Civ.App.), cert. denied, 357 So.2d 664
(Ala. 1978).
The record in the instant case clearly shows that Kucera's dismissal was based on the incident of June 29, 1983. The facts are undisputed that on that day he entered an occupied residence with a weapon and, by force and threats of bodily harm, forced a group of eight persons to gather into a single room. While in the residence, Kucera supposedly struck at least two of the occupants and fired the gun once. Additionally, Kucera repeatedly shouted obscenities and threats, even threatening several motorists on the highway with his weapon.
Kucera admits that he was dismissed for the "good of the service," as provided by section 36-26-27 (a), Code 1975, but he contends that the evidence does not sustain the charge. He says that he was acquitted of the criminal charges and that the evidence of his brief insanity was insufficient to support the dismissal.
"A judgment in a criminal case cannot be res judicata in a civil action because the parties to the actions are different, the rules of evidence are different, and a different standard of proof is involved." City of Gadsden v. Head, 429 So.2d 1005
(Ala. 1983) (citation omitted). Consequently, a not guilty by reason of insanity verdict on *Page 347 
criminal charges does not mandate a reversal of the circuit court's decision to uphold the Board's affirmance of Kucera's dismissal.
Kucera's other contention, that his temporary insanity was not a sufficient reason for his dismissal, is unacceptable.
It is without dispute that Kucera broke into an occupied residence and threatened the occupants with a pistol. While in the residence he struck at least two of the occupants and fired his pistol once. After leaving the residence, Kucera also threatened several motorists on the highway with his pistol.
Such conduct is obviously not the sort of conduct that would promote the "good of the service." In other words, such conduct by an employee of the Department of Corrections would certainly have a negative effect on the Department's relations with the public, and make it more difficult to carry out its legally mandated mission. Moreover, the Board could have concluded that such conduct by Kucera might manifest itself in the future with more serious consequences. We therefore conclude that the Board's decision to dismiss Kucera is supported by sufficient legal evidence. Consequently, the circuit court's decision must be affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.