WRIGHT, Presiding Judge.
Fred Fulton was dismissed from his position with the State on June 22, 1984. He appealed this decision to the Personnel Board of the State (Board), which upheld the dismissal. The case was then appealed to the Circuit Court of Montgomery County, which affirmed the action of the Personnel Board. Fulton appeals from that judgment.
Fulton was employed by the State Department of Public Health (Department) from 1974 until 1984 as an Environmentalist III. His job with the Department involved the review and recommendation for approval of subdivision plans and performing soil tests on these sites for septic tanks. His job was one of independent action involving limited supervision. It was a position of trust which Fulton had performed well. Fulton’s employment was terminated after he was convicted in federal court for manufacturing marijuana, which is a felony. The drug manufacturing operation involved the growing of between thirty and fifty-eight marijuana plants valued at approximately $100,000. He received a sentence of five years’ probation and a fine of $2,000. The Department of Public Health dismissed Fulton from his employment after determining that the good of the service required his dismissal. One of the functions of the Department is the enforcement of the State’s drug laws, and the Department felt that Fulton’s conviction compromised the Department’s position in drug enforcement.
Fulton contends on appeal that since his misconduct was off-duty and not job-related the Department must show a nexus between the employee’s misconduct and the efficiency of the service. He asserts that no such nexus has been shown.
The standard of review in cases of this nature is to determine whether there was any legal evidence before the Personnel Board to support its findings. It is not within the prerogative of this court to pass *75 upon the truthfulness of conflicting testimony or to substitute its judgment for that of the Board. Personnel Board v. King, 456 So.2d 80 (Ala.Civ.App.1984).
Section 36-26-27(a), Code of Alabama 1975, provides that an employee can be dismissed whenever the appointing authority considers the “good of the service” will be served thereby. Removal for the good of the service means that the employee must be discharged for a cause. The cause for which the employee is discharged must “interfere with the effective discharge of the employee’s duties and/or the effective discharge of the duties of the department for which he works, so as to make his continued employment harmful to the public interest.” Maddox v. Clark, 422 So.2d 791 (Ala.Civ.App.1982). There is no requirement in Alabama of a nexus between the employee’s off-duty misconduct and the efficiency of service.
There was legal evidence before the Personnel Board to support its finding. The evidence is undisputed that the employee was dismissed because of his felony conviction. Fulton, as an Environmentalist III, was charged with some degree of supervision and the exercise of good judgment in that position. He demonstrated a lack of good judgment when he manufactured marijuana. The Alabama Department of Public Health has a mandate from the legislature to promulgate and enforce rules with respect to public health laws. It is also charged with some degree of responsibility in regulating drugs and in the enforcement of laws relating to drugs. Manufacturing drugs certainly interfered with the Department’s effective discharge of its duties and therefore made Fulton’s continued employment harmful to the public interest.
We do not feel that it is necessary to address Fulton’s contention that the Department erred in concluding that his testimony could be impeached because he committed a crime involving moral turpitude. The Department dismissed Fulton because of his felony conviction and not because he would be precluded from testifying for the Department. The fact that Fulton would no longer be able to testify for the Department was only a small and insignificant consideration. Therefore, there is no need for this court to determine whether, for impeachment purposes, manufacturing marijuana is a crime involving moral turpitude.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.