HOUSTON, Justice.
We disagree with the conclusion reached by the Court of Civil Appeals, 494 So.2d 73, that “There is no requirement in Alabama of a nexus between the employee’s off-duty misconduct and the efficiency of service.” The court, citing Maddox v. Clark, 422 So.2d 791 (Ala.Civ.App.1982), correctly notes that the cause for which an employee is discharged must “interfere with the effective discharge of the employee’s duties and/or the effective discharge of the duties of the department for which he works, so as to make his continued employment harmful to the public interest.” (Emphasis added.) Therefore, there is such a requirement in this state.
However, in our view, there is sufficient evidence that the petitioner’s off-duty misconduct has interfered with “the effective discharge of the duties of the department for which he works, so as to make his continued employment harmful to the public interest.” Accordingly, the writ is denied. ■
WRIT DENIED.
TORBERT, C.J., and MADDOX, AL-MON and BEATTY, JJ., concur.