In January 1993, while responding to a domestic disturbance call, officers of the Birmingham Police Department arrested Jan E. Johnson and Roderick Evans on charges relating to drug possession, arising out of the discovery of cocaine and $8,858.00 in U.S. currency seized from a motor vehicle. Thereafter, the State of Alabama filed a petition for condemnation of the currency seized, which alleged that the currency had been furnished, or was intended to have been furnished, in exchange for a controlled substance, cocaine, in violation of the law of the State of Alabama, or had been used, or was intended to have been used, to facilitate a violation of a law of the State concerning controlled substances, in violation of and contrary to Ala. Code 1975, § 20-2-93(a)(4). The State alleged that the currency was contraband, subject to forfeiture to the General Fund of the City of Birmingham, for use by the Narcotics Division of the Birmingham Police Department. The court ordered publication of a notice setting February 22, 1993, as the date for all parties claiming any interest in the currency to appear and to make their claims. After no claims had been filed by the end of March 1993, the trial court declared the currency contraband and condemned and forfeited it,
 "on account of said having been obtained by proceeds obtained directly, or indirectly, from the sale or distribution of controlled substances in violation of the law of the State of Alabama, or having been used or intended for use to facilitate a violation of the laws of the State of Alabama concerning controlled substances."
Ultimately, Evans and Johnson were indicted on drug trafficking charges. Thereafter, apparently, the court granted a motion to suppress the State's evidence in Johnson's criminal case, and the criminal charges against Johnson were dismissed.
In September 1993, Johnson filed a motion to set aside the forfeiture judgment of March 1993, claiming ownership of the currency in question, and alleging lack of proper notice of the forfeiture action. On October 1, 1993, the trial court granted Johnson's motion and set the matter for trial on the merits.
Following ore tenus proceedings in February 1994, the trial court entered a judgment in March 1994, finding that the currency was contraband that had been used, or had been intended for use, in a transaction that would violate the Alabama Controlled Substances Act. The trial court ordered the currency condemned and forfeited to the State. Johnson appeals, contending that the suppression of the evidence in her criminal case prevented the trial court from considering that suppressed evidence in the condemnation case, and that the State therefore had failed to meet its burden of establishing to a "reasonable satisfaction" that the seized currency was contraband subject to forfeiture. Specifically, Johnson argues that because in the criminal case, the court granted her motion to suppress, the trial court was bound by that ruling in this civil condemnation action.
It is well settled that a judgment in a criminal action cannot be res judicata in a civil action, since the parties, the rules of evidence, and the standard of proof may be different. See Kucera v. Ballard, 485 So.2d 345 (Ala.Civ.App. 1986). Johnson cites, for support, Nicaud v. State ex rel.Hendrix, 401 So.2d 43 (Ala. 1981). There, our Supreme Court held that "[e]quity will not sanction the forfeiture of property based upon evidence obtained in violation of fundamental constitutional rights." Nicaud at 45. We note, however, *Page 107 
that the trial court in Nicaud, which heard the evidence as to the forfeiture, also heard the evidence concerning the lawfulness or unlawfulness of the search that had resulted in the seizure of the property sought to be forfeited. Thus, while the exclusionary rule may apply to civil proceedings where the State seeks a forfeiture of property, the determination of whether the evidence has been illegally seized is made based upon evidence presented in that civil proceeding. See e.g.,Moynes v. State, 555 So.2d 1086 (Ala.Civ.App. 1989).
Johnson also appears to argue that the doctrine of collateral estoppel precludes the court from considering in the condemnation case, the issue of the legality of the search, in view of the ruling on that question in the criminal case. The doctrine of collateral estoppel is of no avail to Johnson. The only evidence introduced in this condemnation case relating to the ruling in the criminal case is a copy of the criminal case action summary, which contains a bench note stating simply, "Motion to suppress granted — case dismissed." No transcript of testimony or other evidence was presented reflecting the basis for the ruling in the criminal case. In this condemnation case, upon overruling Johnson's objection to testimony regarding the fruits of the search of the vehicle in question, the trial court correctly noted, "I have no idea of what the nature of the motion [to suppress] was or what was taken in the testimony and I don't even know whether we are dealing with the same set of facts." As the State correctly notes, this argument was rejected by the United States Supreme Court in Dowling v.United States, 493 U.S. 342, 110 S.Ct. 668, 107 L.Ed.2d 708
(1990), which held that a defendant seeking to foreclose relitigation of an issue in a later case has the burden of demonstrating that the issue sought to be foreclosed was actually decided in the first proceeding. No basis having been established in the condemnation case for the granting of the motion to suppress in the criminal action, Johnson failed to satisfy her burden of proving that the issue regarding the fruits of the vehicle search, which relitigation she sought to foreclose in this case, was actually decided in the criminal proceeding. Dowling, supra.
The testimony adduced at the civil trial reflected that the vehicle from which the cocaine and currency were seized was registered to someone other than Johnson, namely Harold L. Bellville. Johnson produced no evidence establishing that she owned the vehicle or had any possessory interest therein, other than her own testimony. Although she claimed that the vehicle's registration was in her name, she did not remember when she got her tag, nor did she produce any proof of title or registration, and she testified that she did not know Bellville. She testified that on the day in question, her boyfriend had had the car all day, and that he had the keys to the car at the time. The car was parked in a public parking lot, and Johnson was not inside the vehicle and had no control over the area searched or the items seized. Johnson testified that she retrieved the keys from her boyfriend's pocket and gave them to the police. While Johnson stated that the police told her that her boyfriend wanted to remove some items from the car, the police testimony was that they told Johnson that it was for the purpose of removing a weapon that was in plain view on the floorboard of the vehicle. It was during the removal of the gun that the plastic bag containing the seized currency and drugs was seen and removed from the front seat.
The burden of proof was upon Johnson to establish her standing to challenge the search of the vehicle. Cochran v.State, 500 So.2d 1161 (Ala.Crim.App. 1984). Johnson offered no proof, other than her bare and unsupported assertion of ownership, to refute the evidence of ownership in someone other than herself. Where there is conflicting ore tenus testimony, it is the duty of the trial court to render a judgment accordingly, and its judgment based on such evidence is presumed correct upon appeal. See Lockhart v. State ex rel.Freeman, 590 So.2d 315 (Ala.Civ.App. 1991). While the trial court made no specific finding regarding the search of the vehicle, it is well settled that where the trial court's findings are meager or omissive, the appellate court will presume that the trial court made the findings necessary to support its judgment. Transamerica Commercial *Page 108 Finance Corp. v. AmSouth Bank, 608 So.2d 375 (Ala. 1992). After carefully reviewing the record, we cannot hold that a finding by the trial court that Johnson lacked standing to challenge the search of the automobile is contrary to the great weight of the evidence. Transamerica, supra.
Last, Johnson contends that the State failed to meet its burden of establishing that the seized currency was contraband subject to forfeiture. "The state is required to establish by the evidence a prima facie case for the seizure, condemnation, and forfeiture of property, [pursuant to Ala. Code 1975, §20-2-93,] and that standard of proof is reasonable satisfaction." Moynes at 1089. Thus, the trial court must have been reasonably satisfied from the evidence that the currency had been used, or had been intended to be used, in a transaction that would violate the Alabama Uniform Controlled Substances Act, before it could order condemnation. Ala. Code 1975, § 20-2-93, and Moynes, supra.
The evidence disclosed that the currency was found in a bag on the front seat of the automobile, together with several "baggies" of cocaine and a set of scales. Johnson questions whether the State met its burden of proving that the substance in the "baggies" was in fact cocaine. Sgt. King, who seized the items, testified regarding her experience in identifying cocaine and regarding her familiarity with the substance. She stated that, in her opinion, the substance was cocaine. While that testimony is minimal, the determination regarding whether a witness is qualified to testify as an expert lies within the sound discretion of the trial court, and an experienced police officer in the field of narcotics is qualified to give his or her opinion as one "who has seen or studied" cocaine.Fleming v. State, 470 So.2d 1343, 1347 (Ala.Crim.App. 1985) (quoting from Jenkins v. State, 46 Ala. App. 719, 248 So.2d 758
(1971)). See also Charles v. State, 424 So.2d 715
(Ala.Crim.App. 1982). If a witness's knowledge extends beyond or supersedes that of an ordinary witness, as determined by the trial court, the witness may become an expert. Fleming, supra.
Thus, the trial court did not err in allowing King to give her opinion.
The evidence, viewed with the attendant presumptions, supports the trial court's judgment that the State met its burden of proving that the currency seized had been used, or had been intended to be used, to facilitate violation of the Alabama Controlled Substances Act. It follows, therefore, that the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.