ALMON, Justice
(dissenting).
I have reviewed the record in this case, and I conclude that the circuit court erred in ordering the forfeiture of the currency in this case. The ease action summary sheet from Jan Johnson’s criminal prosecution clearly indicates that the drugs and money were suppressed in the criminal case because they were seized during an illegal search: in one entry, it states that Jan Johnson filed a “Motion to suppress evidence based on illegal search and seizure,” and in the judgment entry the case action summary sheet states: “Motion to suppress granted — case dismissed.”
Despite this evidence, the circuit court ordered forfeiture of the currency. The Court of Civil Appeals affirmed the forfeiture and held that Johnson had failed to meet her “burden of proving that the issue regarding the fruits of the vehicle search ... was actually decided in the criminal proceeding.” Johnson v. State, 667 So.2d 105 (Ala.Civ.App.1995). In support of this holding, the Court of Civil Appeals cited Dowling v. United States, 493 U.S. 342, 110 S.Ct. 668, 107 L.Ed.2d 708 (1992). The Court of CM Appeals wrote:
“Thus, while the exclusionary rule may apply to civil proceedings where the State seeks a forfeiture of property, the determination of whether the evidence has been illegally seized is made based upon the evidence presented in that civil proceeding. See, e.g., Moynes v. State, 555 So.2d 1086 (Ala.Civ.App.1989).”
667 So.2d at 107. I do not agree that Johnson should be required to relitigate the issue whether the evidence was illegally seized. Johnson established, during the criminal proceedings, that the evidence was illegally seized. In the forfeiture proceeding, she offered a copy of the case action summary sheet from the criminal case, which established the court’s ruling in her favor on that issue. To require her to relitigate that issue might well implicate the Double Jeopardy and Due Process Clauses of the Constitution.
In Nicaud v. State, 401 So.2d 43, 45 (Ala.1981), this Court held that “[ejquity will not sanction the forfeiture of property based upon evidence obtained in violation of fundamental constitutional rights.” In Moynes v. State, 555 So.2d 1086 (Ala.Civ.App.1989), the Court of Civil Appeals recognized that the exclusionary rule applies in civil forfeiture actions just as in criminal actions. Thus, if the search violated Johnson’s rights for purposes of the criminal action, then it necessarily follows that the search was illegal for purposes of the forfeiture action.
Furthermore, Johnson did properly prove in the forfeiture action that the search was illegal. Rule 26.9(c), Ala.R.Crim.P., states, in pertinent part:
“(3) Filing of Entries.
(i) Copy of the Case Action Summary Sheet to Case File.... The case action summary sheet or sheets shall be the official minutes of the case and shall have the same force and effect as the entries previously contained in ‘minute books.’
[[Image here]]
“(Hi) Sufficiency of the Case Action Summary Sheet as Record. The case action summary sheets shall be sufficient record of the actions in a particular case.
“(4) Admissibility Into Evidence of the Case Action Summary Sheet. A certified copy of the case action summary sheet shall be admissible in any court of this state as evidence of a conviction or any other action recorded thereon, if evidence of the conviction or other action is otherwise admissible. A certified copy of the case action summary sheet shall be prima facie evidence of the jurisdiction of the court maintaining the sheet, both as to the offense and as to the defendant, and as to all facts recited therein.”
(Emphasis added.)
The case action summary sheet from Johnson’s criminal prosecution shows that the case was dismissed because the evidence against her was suppressed because of an illegal search and seizure. This evidence *110 established a prima facie showing that the search was illegal.
The state disingenuously argues that Johnson failed to show the basis for the circuit court’s granting of her suppression motion and that this purported failure allows the state to relitigate the issue whether the search was legal. Under the Rules of Criminal Procedure, the case action summary sheet constitutes prima facie evidence that the money at issue in this case was seized during an illegal search. Any other reading of the case action summary sheet from Johnson’s criminal ease defies logic and candor.
The State also argues that a judgment in a criminal action cannot be res judicata in a civil action. The Court of Civil Appeals accepted this proposition and cited Kucera v. Ballard, 485 So.2d 345 (Ala.Civ.App.1986), in support thereof. While this may be a correct statement of the law generally, it has no application to the facts of this ease. The reason a judgment in a criminal case is normally not res judicata in a civil case is that the parties, the rules of evidence, and the standard of proof may be different. The present case is not a civil action between private parties, but a condemnation and forfeiture proceeding in which the State is proceeding against the property of a citizen it has already attempted to convict of the same crime it is asserting as a basis for the forfeiture. The issue whether the search was legal is the same in the forfeiture case as in the criminal case. The punitive nature of the forfeiture proceeding precludes the State from relitigating the question whether Johnson’s constitutional right to be free from unreasonable searches and seizures was violated. Accordingly, the rationale of Kucera is inapplicable to the present case.
There is no justification for a holding that requires Johnson to prove again that her constitutional rights were violated, once a court of competent jurisdiction has so determined. Johnson offered sufficient proof that the court that heard her criminal case determined that her constitutional rights had been violated by an illegal search and seizure. The State argues that the record may indicate that there were two different searches and that the circuit court in the criminal action may have addressed a search other than the one in which the money was seized. However, the State stipulated that the forfeiture ease involved “the same case, the same circumstances, the same everything” as the criminal prosecution.
For the foregoing reasons, I dissent.
HORNSBY, C.J., and SHORES, J., concur.