CRAWLEY, Judge.
Brian Johnson Durham (the “son”) and Riley B. Durham (the “father”) appeal from a judgment forfeiting the father’s vehicle, a 1993 Nissan pickup truck, as a result of the son’s using the vehicle in the sale of marijuana. See Ala.Code 1975, § 20-2-93. The Durhams argue that the trial court erred by allowing the introduction of evidence obtained as a result of an unlawful search; by allowing the searching officer to testify that the substance found was indeed marijuana, without a proper predicate; by allowing the introduction of the statements of the son made to police after the search; and by ordering the forfeiture although the State of Alabama was never made a party. After a review of the record and the law governing the issues raised, we affirm the trial court’s judgment ordering the forfeiture of the father’s vehicle.
The Durhams correctly argue that the forfeiture statute requires that a forfeiture action be instituted by the district attorney of the county in the name of the State. Ala.Code 1975, § 28-4-286; City of Gadsden v. Jordan, [Ms. 2970342, July 31, 1998] — So.2d-(Ala.Civ.App. 1998). The forfeiture action in this case was improperly instituted by the City of Gadsden, as was the case in Jordan; however, as was the situation in Jordan, the city attorney and the district attorney in this ease filed a joint motion to amend the complaint to add the State as a plaintiff. Despite the Durhams’ statements to the contrary, the record clearly reflects that the motion was granted. As we decided in Jordan, the amendment adding the State as a plaintiff relates back to the original filing of the complaint. Jordan, — So.2d at -. Therefore, the Durhams’ argument that the forfeiture is invalid is meritless.
The Durhams next argue that the trial court erroneously allowed the admission of evidence (testimony about the marijuana found as a result of the search) that had been obtained as a result of an unlawful search. Apparently, the Durhams challenge the validity of the search warrant under which the search of the son’s home and the father’s vehicle was conducted. In their brief, they state that the warrant was declared invalid in the criminal case; this comment is disputed by the State, which states in its brief that the grand jury failed to indict, but that the war *237 rant was never declared invalid in a judicial proceeding. Even if the warrant had been declared invalid in a prior criminal proceeding, the Durhams could not have had the evidence excluded from the civil forfeiture case on that basis alone. See Johnson v. State, 667 So.2d 105, 106 (Ala.Civ.App. 1995). To keep the evidence out, the Durhams would have had to produce, in the forfeiture action, evidence that the warrant was invalid. See Johnson, 667 So.2d at 107. Although counsel fervently argued that the warrant was invalid, the Durhams produced no evidence indicating that it was; therefore, the trial court did not err by allowing in evidence obtained in the search conducted under the warrant.
The Durhams next argue that the trial court erred by allowing the searching officer to testify that the substance seized from the vehicle during the search was actually marijuana. In their brief, the Durhams argue that no predicate was laid to support the introduction of that evidence; that is, the Durhams argue that the city attorney failed to present evidence indicating that the officer possessed personal knowledge of the facts that would allow him to form a valid opinion that the substance seized was actually marijuana. However, the Durhams did not object to the officer’s testimony on that basis; instead, the Durhams “object[ed] to [his] testifying unless there is a toxicology report.” The city attorney then showed the toxicology report to the Durhams’ attorney. The trial court never ruled on the Durhams’ objection, and testimony about the marijuana found during the search resumed, without further objection. Without an adverse ruling from the trial court on their objection, the Durhams cannot appeal the objection issue. See Harley-Davidson, Inc. v. Toomey, 521 So.2d 971, 973 (Ala. 1988). In addition, the Durhams did not preserve the foundation issue for appeal, because the only objection to the officer’s testimony was based on the lack of a toxicology report. See Sweeney v. Purvis, 665 So.2d 926, 933 (Ala. 1995). Therefore, the issue of the admission of the officer’s testimony, even if that admission was error, cannot be considered by this court.
Finally, the Durhams argue that the trial court erred by admitting into evidence the statements the son gave police, because, they argue, those statements are hearsay. The statements contain the son’s admissions-that he sold marijuana from the vehicle and they indicate that the son owned the vehicle. The State argues that, under Rule 801(d)(2)(A), Ala. R. Evid., the statements were actually not “hearsay,” because they are statements of a party opponent. We agree. Rule 801(c) defines “hearsay,” but Rule 801(d)(2) excludes from that definition a “statement ... offered against a party [that] is (A) the party’s own statement in either an individual or a representative capacity.” The son’s statements were not hearsay, by virtue of their exclusion under Rule 801(d)(2)(A); the trial court did not err in admitting them.
In summary, the amendment cured any defect in the institution of the proceedings; the Durhams failed to preserve the issue concerning the testimony of the officer; they failed to produce any evidence indicating that the warrant was invalid; and the son’s statements were properly admitted. The forfeiture judgment is affirmed.
AFFIRMED.
YATES and THOMPSON, JJ., concur.
MONROE, J., concurs in the result.
ROBERTSON, P.J., concurs in the result only.