BRYAN, Judge.
The Alabama State Personnel Board (“the Board”) and the Alabama Department of Conservation and Natural Resources (“the Department”) appeal from a judgment of the Montgomery Circuit Court reversing the Board’s decision upholding the Department’s dismissal of Allan V. Garner. We reverse and remand.
In February 2004, the commissioner of the Department terminated Garner’s employment with the Department. The Department held a pretermination hearing before Garner’s dismissal. Garner appealed his dismissal to the Board, pursuant to § 36-26-27(a), Ala.Code 1975.[1] The Board assigned the appeal to administrative law judge Richard N. Meadows for Meadows to hold a hearing and issue a recommended order to the Board. Meadows held a full evidentiary hearing in July 2004. On December 31, 2004, Meadows retired as an administrative law judge. *548 Meadows did not issue a recommended order in Garner’s appeal before he retired.
Shortly after Meadows retired, the Board reassigned Garner’s appeal to administrative law judge Julia J. Weller. On January 14, 2005, Weller issued an order giving the parties the option of either “(1) retrying th[e] cause, or (2) having the matter resolved by a review of the record together with an opportunity to submit post-trial briefs and oral arguments.” In that order, Weller also indicated that she is related to the attorney who was representing the Department, William A. Gun-ter. Weller’s great-grandfather was Gun-ter’s grandfather.
In a response to Weller’s January 14, 2005, order, Garner did not select one of the two options presented by that order. Instead, Garner asserted that Meadows, despite having retired, should decide his appeal. Garner also stated that the relationship between Weller and Gunter was “of no issue[ ] at [that] juncture.”
On January 24, 2005, Weller issued an order stating, in pertinent part:
“The parties have been advised of the retirement of the Honorable Richard N. Meadows. A conference call was conducted on Monday, January 24, 2005 with counsel for both parties. ... Garner[] has still not designated in what manner he would like to proceed. Therefore, this Court has no alternative other than to set this matter for hearing .... The trial of this matter is expected to take one day ....
“No additional discovery shall be permitted, except for extraordinary cause. The parties are bound by the same witness list and exhibit list utilized in the [July 2004] hearing [before Meadows], unless good cause is shown why additional evidence would be necessary.”
In a response to the January 24, 2005, order, Garner again stated his preference for Meadows to issue a recommended order in the appeal. Garner also stated that he would not “participate in any effort ... to either retry th[e] case [or] to have any other [administrative law judge] render a decision in th[e] cause.”
On May 23, 2005, at 9:07 a.m., more than four months after Weller had been reassigned Garner’s appeal, Garner filed in the circuit court a “complaint for temporary restraining order, preliminary injunction, and final injunction.” The complaint sought to enjoin Weller from holding a hearing on Garner’s appeal later that day, May 23, 2005, and to enjoin Weller and the Board from “having a retrial of [Garner’s] termination case.” The complaint also sought an injunction ordering the Board to contract with Meadows to issue a recommended order regarding Garner’s appeal.
The same day that Garner filed his complaint in the circuit court, May 23, 2005, Weller held an evidentiary hearing on Garner’s appeal. Neither Garner nor his attorney attended the hearing, which began at approximately 9:37 a.m. A transcript of that hearing indicates that, at 9:50 a.m., Weller received a faxed copy of Garner’s complaint seeking injunctive relief. After noting that the circuit court had not issued an order enjoining her from holding the hearing, Weller proceeded with the hearing. The testimony and exhibits that had been admitted at the July 2004 hearing held before Meadows were admitted into evidence, but no additional evidence was admitted. The proceeding concluded at 10:10 a.m.
Later that day, the circuit court held a hearing on Garner’s request for a temporary restraining order. The record on appeal indicates that the circuit court never issued a temporary restraining order or any other order granting injunctive relief.
*549 On June 14, 2005, Weller issued an order recommending that the Board uphold the Department’s termination of Garner’s employment. On July 13, 2005, the Board issued a decision upholding the Department’s decision to dismiss Garner. On August 12, 2005, Garner appealed the Board’s decision to the circuit court, pursuant to § 41-22-20, Ala.Code 1975. Garner’s appeal and his earlier action seeking injunctive relief were consolidated in the circuit court.
On October 81, 2007, the circuit court entered a judgment reversing the Board’s decision. In its judgment, the circuit court concluded: “[Garner] has not been provided a fair hearing, and ... the procedures under which Mr. Garner[’s employment has] been terminated are faulty.” The judgment reinstated Garner’s employment with the Department and awarded him backpay. The circuit court based its reversal of the Board’s decision on various grounds; we will discuss those grounds below. The Board and the Department appealed to this court.
Section 41-22-20(k), Ala.Code 1975, governs judicial review of agency decisions, such as the Board’s decision in this case. In pertinent part, it provides:
“(k) Except where judicial review is by trial de novo, the agency order shall be taken as prima facie just and reasonable and the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact, except where otherwise authorized by statute. The court may affirm the agency action or remand the case to the agency for taking additional testimony and evidence or for further proceedings. The court may reverse or modify the decision or grant other appropriate relief from the agency action ... if the court finds that the agency action is due to be set aside or modified under standards set forth in appeal or review statutes applicable to that agency or if substantial rights of the petitioner have been prejudiced because the agency action is any one or more of the following:
“(1) In violation of constitutional or statutory provisions;
“(2) In excess of the statutory authority of the agency;
“(3) In violation of any pertinent agency rule;
“(4) Made upon unlawful procedure; “(5) Affected by other error of law;
“(6) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or “(7) Unreasonable, arbitrary, or capricious, or characterized by an abuse of discretion or a clearly unwarranted exercise of discretion.”
Our supreme court has stated:
“This Court has further defined the standard of review of an agency ruling in Alabama as follows:
“ ‘ “Judicial review of an agency’s administrative decision is limited to determining whether the decision is supported by substantial evidence, whether the agency’s actions were reasonable, and whether its actions were within its statutory and constitutional powers. Judicial review is also limited by the presumption of correctness which attaches to a decision by an administrative agency.” ’ ”
Ex parte Medical Licensure Comm’n of Alabama, 897 So.2d 1093, 1096-97 (Ala. 2004) (quoting Ex panrte Alabama Bd. of Nursing, 835 So.2d 1010, 1012 (Ala.2001), quoting in turn Alabama Medicaid Agency v. Peoples, 549 So.2d 504, 506 (Ala.Civ. App.1989)). This court reviews a circuit court’s judgment without a presumption of correctness because the circuit court is in no better position to review an agency’s *550 decision than this court. Clark v. Fancher, 662 So.2d 258, 261 (Ala.Civ.App.1994).
In its judgment, the circuit court cited several reasons for reversing the Board’s decision. For one, the circuit court found that Garner had been denied due process during the pretermination proceedings. Before the commissioner of the Department dismissed Garner, the Department held a pretermination hearing. The circuit court found that the Department had denied Garner due process by refusing to identify the pretermination hearing officer before the pretermination hearing. The circuit court also found that Garner had been denied due process because the pre-termination hearing officer, an attorney for the Department, had discussed the merits of the case with “one of the commissioners” before the pretermination hearing.
In Cleveland Board of Education v. Loudermill, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985), the United States Supreme Court stated that the procedural due process guaranteed under the United States Constitution requires that a public employee who may be dismissed only for cause must be afforded a limited preter-mination hearing.[2] An employee, such as Garner in this case, may be dismissed only “for a cause” under § 36-26-27(a), Ala. Code 1975. Fulton v. Department of Public Health, 494 So.2d 73, 75 (Ala.Civ.App. 1986); see also Kucera v. Ballard, 485 So.2d 345, 346 (Ala.Civ.App.1986). In Loudermill, the Supreme Court stated:
“The tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer’s evidence, and an opportunity to present his side of the story. To require more than this prior to termination would intrude to an unwarranted extent on the government’s interest in quickly removing an unsatisfactory employee.”
470 U.S. at 546, 105 S.Ct. 1487 (citations omitted). The Supreme Court concluded that “all the process that is due is provided by a pretermination opportunity to respond, coupled with post-termination administrative procedures as provided by the [applicable state statute.]” Id. at 547-48, 105 S.Ct. 1487.
In this case, the Department’s failure to identify the hearing officer presiding over the pretermination hearing before that hearing, the Department’s use of a Department attorney as the hearing officer in that hearing, and the hearing officer’s discussion of the case with “one of the commissioners” before that hearing did not deprive Garner of due process. Nothing in the record indicates that the preter-mination hearing officer made the initial decision to dismiss Garner or even made a recommendation to dismiss him; rather, the commissioner dismissed Garner following the pretermination hearing. In the letter dismissing Garner, the commissioner stated that he had received a recommendation from Garner’s superior recommending that Garner be dismissed for lack of work production. That letter also indicated that the commissioner had reviewed the evidence presented at the pretermination hearing. Following Garner’s dismissal, the Board, an impartial decision maker, made the final decision to dismiss Garner following hearings before impartial hearing officers, pursuant to § 36-26-27(a).[3] *551 Considering the facts of this case, the limited purpose of pretermination proceedings, see Loudermill, and the availability of posttermination proceedings ordered by the Board, see § 36-26-27(a), Garner’s due-process rights were not violated during the pretermination proceedings.
We note that our supreme court, in the context of the dismissal of a classified public employee, has found that a pretermination hearing “completely devoid of due process of law” cannot be remedied by a constitutionally adequate posttermination hearing. Stallworth v. City of Evergreen, 680 So.2d 229, 235 (AIa.1996). In Stallworth, city officials seeking to discipline a city employee served as the hearing officers at the employee’s pretermination hearing, testified at that hearing, and subsequently notified the employee of his dismissal. Id. at 230-31. When the employee’s dismissal was later reviewed by the city council, the final decision maker regarding the employee’s dismissal, one of the city officials who had participated as a witness and a hearing officer in the preter-mination hearing cast a deciding vote to sustain the dismissal. Id. at 231-32. The facts surrounding the pretermination proceedings in this case clearly do not approach the procedural deficiencies in Stall-worth. Compare City of Orange Beach v. Duggan, 788 So.2d 146 (Ala.2000) (distinguishing the facts in that case from the facts in Stallworth and concluding that the procedural due process guaranteed under the state constitution does not require an entirely neutral decision maker in a government employee’s pretermination hearing).
The circuit court also concluded that the Board had erroneously relied on Rule 63, Ala. R. Civ. P., in assigning Garner’s appeal to Weller after it had initially been assigned to Meadows.[4] The circuit court stated:
“Th[is] Court realizes it did not possess the power to dictate [that] the ... Board ... employ former [administrative law judge (‘ALJ’) ] Meadows to write the recommendation in this case. However, th[is] Court did have the power to determine whether, pursuant to Rule 63, Ala. R. Civ. P., ALJ Meadows had been unable to proceed in the cause before the substitution of ALJ Weller as the administrative judge. For that reason, this Court informed all parties, through counsel, that the ... Board was not to proceed with the subsequent termination hearing until ALJ Richard Meadows had been contacted and talked to; the ALJ refused to comply with this Court’s order and ... ‘reheard’ the case and entered a recommendation. The ... Board ..., in defiance of this Court’s order, ... entered a final [decision].
[[Image here]]
“The [Board] has failed to come forth with any credible evidence concerning the inability of ALJ Me[a]dows to write the recommendation. The [Board] attempts to persuade the Court that ALJ Weller has authority under Rule 63, Ala. R. Civ. P., to substitute for ALJ Mead *552 ows and to [conduct another hearing regarding the dismissal]. However, the Court is not persuaded that Rule 63 grants such broad powers in this instance. Rule 63 specifically deals with the inability of a judge to proceed.”
Rule 81(b), Ala. R. Civ. P., provides that the Alabama Rules of Civil Procedure “are not applicable to any proceeding in which the adjudication of the controversy is ... by an administrative agency,” such as the Board. Accordingly, Rule 63, Ala. R. Civ. P., does not apply to this case.
In this case, Meadows retired before issuing a recommended order concerning the termination of Garner’s employment. Despite Meadows’s retirement, Garner sought to have Meadows issue a recommended order. However, after Meadows retired, he clearly was no longer available to issue a recommended order in Garner’s appeal. After the Board assigned Garner’s appeal to Weller, Weller gave the parties the reasonable option of either “(1) retrying th[e] cause, or (2) having the matter resolved by a review of the record together with an opportunity to submit post-trial briefs and oral arguments.” When Garner declined to choose either option, Weller held an evidentiary hearing. Garner, still seeking to have Meadows issue a recommended order, did not appear at the hearing before Weller. At that hearing, Weller received the record established in the proceedings before Meadows, and she issued her recommended order based on a review of that record. We find no error on the part of Weller or the Board in proceeding in the aforementioned manner following Meadows’s retirement. Insofar as the circuit court’s judgment finds otherwise, that judgment is due to be reversed.
Regarding the circuit court’s conclusion that Weller and the Board defied the circuit court’s order by proceeding with Garner’s administrative appeal, we note that the circuit court never issued a temporary restraining order or an injunction enjoining Weller or the Board from proceeding with the appeal. Without such an order issued by the circuit court, Weller and the Board did not err in proceeding with the appeal.
The circuit court also concluded that, due to Weller’s relationship to Gun-ter, the attorney who represented the Department in the proceedings before Weller, Canon 3.C.(l)(d)(i), Alabama Canons of Judicial Ethics, required Weller to disqualify herself. That canon provides, in pertinent part:
“(1) A judge should disqualify himself in a proceeding in which his disqualification is required by law or his impartiality might reasonably be questioned, including but not limited to instances where:
[[Image here]]
“(d) He or his spouse, or a person within the fourth degree of relationship to either of them, or the spouse of such a person:
“(i) Is named a party to the proceeding, or an officer, director, or trustee of a party....”
Canon 3.C.(l)(d)(i), Alabama Canons of Judicial Ethics.
Read literally, Cannon 3.C.(l)(d)(i) does not seem to require Weller to disqualify herself because Gunter, as the attorney for the Department, is not a named party in this case, nor is he an officer, director, or trustee of a party. However, a majority of our supreme court concurred in the following dicta regarding Cannon 3.C.(l)(d) in Justice See’s statement of nonrecusal in Archer Daniels Midland Co. v. Seven Up Bottling Co. of Jasper, 746 So.2d 966, 993 n. 12 (Ala.1999):
*553 “Of course, if Mr. Childs [Justice See’s brother-in-law, see 746 So.2d at 991] did represent a party before this Court, my recusal would be required. Ala. Jud. Inquiry Comm’n Adv. Op. 97-653 (June 27, 1997) (‘A judge is disqualified under Canon 3C(l)(d) in any proceeding in which an attorney is related to the judge within the fourth degree of consanguinity or affinity.’). The Judicial Inquiry Commission has based that disqualification on Canon 3C(l)(d)(i):
“ ‘Canon 3C(l)(d)(i) provides that a judge is disqualified when, inter alia, a person within the fourth degree of relationship to the judge or his spouse is an officer, director, or trustee of a party. This provision has always been interpreted to require disqualification of a judge where a party’s attorney is related to either the judge or the judge’s spouse within the fourth degree, either by consanguinity or affinity.’ [5]
“Ala. Jud. Inquiry Comm’n Adv. Op. 97-637 (March 14, 1997). The JIC has also relied on Canon 3C(l)(d)(ii), which requires a judge to disqualify himself if ‘[h]e or his spouse, or a person within the fourth degree of relationship to either of them, ... [i]s known by the judge to have an interest that could be substantially affected by the outcome of the proceeding.... ’ See Ala. Jud. Inquiry Comm’n Adv. Op. 89-356 (April 4, 1989).”
Section 12-1-12, Ala.Code 1975, contains similar language to Cannon 3.C.(l)(d)(i): “No judge of any court shall sit in any case or proceeding in which he is interested or related to any party within the fourth degree of consanguinity or affinity .... ” In Ex parte Clanahan, a case in which an attorney for one of the parties was a son-in-law of the trial court judge, our supreme court stated: “The word ‘party’ as set out in § 6, Title 13, Code of 1940 [a predecessor to § 12-1-12 containing substantially the same relevant language as § 12-1-12], is not to be interpreted as referring exclusively to parties of record.” 261 Ala. 87, 91, 72 So.2d 833, 836 (1954). The supreme court then considered whether the attorney in that case was a “party” within the meaning of § 6, Title 13, Ala.Code 1940. Id. In making this determination, the supreme court stated:
“[T]o disqualify a judge for and on account of relationship [to an attorney of a party of record], the relationship must be within the prohibited degree, the employment must be on a contingent basis, the fee must be a lien on the judgment or decree and the amount of the fee must be affected by the amount of the recovery.”
261 Ala. at 93, 72 So.2d at 838.
However, regardless of whether Gunter could be considered a “party” under Canon 3.C.(l)(d)(i) or § 12-1-12, Weller was not required to recuse herself in this case because Weller and Gunter are not within the fourth degree of relationship to each other.
“The civil law method of computing degrees of kinship is to begin the count with one of the persons in question and proceed up to the common ancestor and then down to the other person, calling it a degree for each person both ascending and descending. The number thus counted expresses the degree of kinship.”
Duke v. State, 257 Ala. 339, 344, 58 So.2d 764, 768 (1952). See, e.g., Zimmerman v. State, 51 Ala.App. 519, 287 So.2d 230 (Ala. Crim.App.1973) (using a chart to illustrate the degrees of relationship between a juror and a victim in a criminal case). As noted, *554 Weller’s great-grandfather was Gunter’s grandfather. Counting the degrees of relationship between Weller and the common ancestor, Weller’s great-grandfather, yields three degrees of relationship. Counting from the common ancestor, Gun-ter’s grandfather, to Gunter yields two additional degrees of relationship. Therefore, Weller and Gunter are related to each other in the fifth degree. Duke, supra. Because Weller and Gunter are not within four degrees of relationship to each other, the circuit court erred in reversing the Board’s decision on the ground that Weller was required to disqualify herself pursuant to Canon 3.C.(l)(d)(i).[6]
The circuit court also concluded that Garner did not receive a timely decision from the Board pursuant to § 41-22-16(a), Ala.Code 1975. Section 41-22-16(a)(1) and (2) provides:
“(a) The final order in a proceeding which affects substantial interests shall be in writing and made a part of the record and include findings of fact and conclusions of law separately stated, and it shall be rendered within 30 days:
“(1) After the hearing is concluded, if conducted by the agency;
“(2) After a recommended order, or findings and conclusions are submitted to the agency and mailed to all parties, if the hearing is conducted by a hearing officer .... ”
(Emphasis added.)
The Board itself does not conduct the hearing on an appeal from an employee’s dismissal; rather, the Board uses an administrative law judge as a hearing officer to conduct the hearing. Rule 670-X-5-.08, Ala. Admin. Code (Alabama State Personnel Board). Following that hearing, the hearing officer submits a recommended order to the Board. Rule 670-X-5-.08(8), Ala. Admin. Code (Alabama State Personnel Board). The Board followed that procedure in this case. Therefore, the 30-day period established by § 41-22-16(a)(2) applies in this case. Weller issued the recommended order on June 14, 2005. On July 13, 2005, 29 days later, the Board issued its decision affirming Garner’s dismissal. Because the Board issued its decision within 30 days of the date of the recommended order, its decision was timely. § 41-22-16(a)(2).[7]
None of the grounds cited by the circuit court in its judgment support a reversal of the Board’s decision to affirm Garner’s dismissal. Accordingly, we reverse the circuit court’s judgment, and we remand the case for proceedings consistent with this opinion.
REVERSED AND REMANDED.
PITTMAN, THOMAS, and MOORE, JJ., concur.
THOMPSON, P. J., concurs in the result, without writing.

. Section 36-26-27(a), Ala.Code 1975, provides, in pertinent part:
"(a) An appointing authority may dismiss a classified employee whenever he considers the good of the service will be served thereby .... The dismissed employee may, within 10 days after notice [of discharge], appeal from the action of the appointing authority by filing with the board and the appointing authority a written answer to the charges. The board shall, if demand is made in writing by the dismissed employee within 10 days after notice of discharge, order a public hearing and, if the charges are proved unwarranted, order the reinstatement of the employee under such conditions as the board may determine. Upon a majority vote of the board, the board may impose a punishment other than termination including but not limited to a reinstatement with forfeiture of back wages and benefits between the date of termination and the date of the board's order reinstating the employee, or a suspension up to and including 30 days.”

. Our supreme court "has consistently interpreted the due process guaranteed under the Alabama Constitution to be coextensive with the due process guaranteed under the United States Constitution.” Vista Land & Equip., L.L.C. v. Computer Progress & Sys., Inc., 953 So.2d 1170, 1174 (Ala.2006).

. Of course, the Board’s decision regarding whether Gamer should be dismissed was sub *551 ject to judicial review under § 41-22-20(k), Ala.Code 1975.

. Rule 63, Ala. R. Civ. P., provides:
"If a trial or hearing has been commenced and the judge is unable to proceed, any other judge may proceed with it upon certifying familiarity with the record and determining that the proceedings in the case may be completed without prejudice to the parties. In a hearing or trial without a jury, the successor judge shall at the request of a party recall any witness whose testimony is material and disputed and who is available to testify again without undue burden. The successor judge may also recall any other witness.”

. "Consanguinity measures the relationship by blood and affinity measures the relationship by marriage.” General Motors Corp. v. Jernigan, 883 So.2d 646, 670 n. 20 (Ala.2003).

. We note also that Gunter, as an attorney representing an agency, would not be paid on the basis of a contingency fee. Therefore, according to Ex parte Clanahan, even if Gun-ter were within four degrees of relationship to Weller, Weller, under § 12-1-12, would not be required to disqualify herself. Canon 3.C.(l)(d)(i) contains similar language to § 12-1-12.

. An agency's failure to issue a decision within the 30-day period prescribed by § 41-22-16(a) does not deprive that agency of jurisdiction. Ex parte Nixon, 729 So.2d 277, 279-80 (Ala.1998). However, an agency's failure to timely issue a decision under § 41-22-16(a) would be relevant to a determination on appeal of whether, pursuant to § 41-22-20(k), the “ 'substantial rights of the petitioner have been prejudiced.' " Id. at 280.